**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL, LLC                CIVIL ACTION NO. 23-1475

VERSUS                                JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court are three Motions to Dismiss. First, a Motion to Dismiss filed by Plaintiff SRP Environmental, LLC ("SRP") seeking to dismiss Defendant Claremont Property Co.'s ("Claremont") Counterclaims. See Record Document 32. Claremont opposed that motion and SRP replied. See Record Documents 41 & 45. Second and third, two Motions to Dismiss and/or Motions for Judgment on the Pleadings filed by Claremont seeking to dismiss all claims for contractual interest, fraud, and claims under the Louisiana Unfair Trade Practices Act ("LUTPA"). See Record Documents 36 & 60. SRP opposed both motions and Claremont replied. See Record Documents 44, 46, 64 & 67. For the reasons stated below, SRP's Motion to Dismiss (Record Document 32) is **DENIED**; Claremont's first Motion to Dismiss (Record Document 36) is **DENIED**; and Claremont's second Motion to Dismiss (Record Document 60) is **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**

This lawsuit arises out of a contract dispute based on a Master Services Agreement ("MSA") between SRP and Claremont.[1] On April 8, 2021, SRP and Claremont

---

[1] For the purposes of evaluating Claremont's Motion to Dismiss, the facts as alleged in SRP's Amended Complaint are assumed as true. For the purposes of evaluating SRP's

signed the MSA, which provided that Claremont was hiring SRP to provide services on various projects. <u>See</u> Record Document 56 at ¶ 5. The MSA did not list the total amount that Claremont would owe for the work; instead, the parties agreed all work would be billed according to the attached "Rate Sheet." <u>Id.</u> at ¶¶ 7, 8.

On September 7, 2023, SRP filed suit against Claremont in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana. <u>See</u> Record Document 1-1. SRP alleged claims for breach of contract, bad faith breach of contract, open account, detrimental reliance, and unjust enrichment, based on Claremont's alleged failures to pay for the work performed on three projects. <u>See id.</u> These projects include: (1) the Lighthouse Harbor Condominium Association, Inc. Project (the "LHCA Project") between September 4, 2021, and November 12, 2021; (2) the 1161 Lake Condominium Association, Inc. Project (the "Lake Condos Project") between September 5, 2021, and April 19, 2022; and (3) the City Place II Housing Corporation, Inc. Project (the "City Place Project") between September 7, 2021, and November 12, 2021. <u>See</u> Record Document 56 at ¶¶ 23-24, 36-37, 53-54. On October 18, 2023, Claremont removed the case to federal district court pursuant to diversity jurisdiction, and later answered the Complaint. <u>See</u> Record Documents 1 & 8.

On May 8, 2024, Claremont filed an Amended Answer and Counterclaims against SRP for breach of contract, bad faith breach of contract, breach of the covenant of good faith and fair dealing, detrimental reliance, and fraud, based on alleged overbilling and

---

Motion to Dismiss, the facts as alleged in Claremont's Answer and Counterclaim are assumed as true. To establish a basic factual background, the Court uses the facts in SRP's Amended Complaint and attempts to avoid facts that are currently in dispute between the parties.

failures to cooperate with insurance companies' requests regarding SRP's billing. See Record Document 31. On September 25, 2024, SRP filed an Amended Complaint, which added LUTPA and fraud claims based on new allegations that Claremont misrepresented itself as having a Louisiana Contractor License. See Record Document 56.

Both parties filed Motions to Dismiss. SRP filed a Motion to Dismiss Claremont's Counterclaims for breach of contract and related claims, detrimental reliance, and fraud. See Record Document 32. Claremont filed two Motions to Dismiss, which are captioned as Motions to Dismiss and/or Motions for Judgment on the Pleadings. The first Motion to Dismiss seeks dismissal of SRP's claims for contractual interest. See Record Document 36. The second Motion to Dismiss seeks dismissal of SRP's claims for contractual interest, fraud, and claims under LUTPA. See Record Document 60.

## LAW AND ANALYSIS

### I.    Legal Standards

#### A.  Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility" standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action,"

the pleading does not meet the standards of Rule 8(a)(2). <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted).

Additionally, courts must accept all allegations in a complaint as true. <u>See Iqbal</u>, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. <u>See id.</u> Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the <u>Iqbal</u> and <u>Twombly</u> standard to survive. <u>See id.</u> at 678-79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. <u>See id.</u>

In deciding on a Rule 12(b)(6) motion to dismiss, courts generally "may not go outside the pleadings." <u>Colle v. Brazos County</u>, 981 F.2d 237, 243 (5th Cir. 1993). "A court's analysis generally should focus exclusively on what appears in the complaint and its proper attachments." <u>Wilson v. Birnberg</u>, 667 F.3d 591, 595 (5th Cir. 2012) (citing <u>Fin. Acquisition Partners LP v. Blackwell</u>, 440 F.3d 278, 286 (5th Cir. 2006)). If the court considers matters outside the pleadings, the motion is converted to a motion for summary judgment, and "[a]ll parties must be given reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. Pro. 12(d).

However, courts may consider a document that is attached to a motion to dismiss, referred to in the pleadings, *and* central to the party's claim. <u>See</u> <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007); <u>Causey v. Sewell Cadillac-Chevrolet, Inc.</u>, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). Courts may also consider "matters of which a court may take judicial notice." <u>Tellabs, Inc. v. Makor Issues & Rts., Ltd.</u>, 551 U.S. 308,

322 (2007); George v. SI Grp., Inc., 36 F.4th 611, 619 (5th Cir. 2022). Considering these sources together "assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 499 (5th Cir. 2000).[2]

### B.  Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008); see Jordan Props., Ltd. v. City of Cleveland, No. 23-CV-60625, 2024 WL 3771453, at *1 (5th Cir. Aug. 13, 2024). In evaluating a complaint on a motion for judgment on the pleadings, courts are limited to the same documents as those it may consider on a Rule 12(b)(6) motion: "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matter for which judicial notice may be taken under Federal Rule of Evidence 201." Jordan Props., 2024 WL 3771453, at * (quoting Gomez v. Galman, 18 F.4th 769, 775 (5th Cir. 2021)).

---

[2] The Court emphasizes that it considers the parties' motions as filed, that is, as motions to dismiss, despite the many attachments to the parties' motions and oppositions. The Court therefore only seeks to determine whether a plausible claim for relief has been stated. If the parties wish to file motions for summary judgment, they should file motions styled and argued appropriately as such.

## II.     SRP'S Motion to Dismiss

SRP seeks dismissal of all Claremont's Counterclaims, including its claims for breach of contract, bad faith breach of contract, breach of the covenant of good faith and fair dealing, detrimental reliance, and fraud. See Record Document 32-1.

### A. Breach of Contract, Bad Faith Breach of Contract, and Breach of the Covenant of Good Faith and Fair Dealing

SRP argues that the claim for breach of contract, and all related claims, should be dismissed because Claremont did not have a license to act as a contractor in Louisiana at the time of the projects, rendering the MSA void *ab initio* under Louisiana law. See id. at 17-18. In support of its contention, SRP asks that the Court take judicial notice of the Louisiana State Licensing Board for Contractors ("LSLBC") website. See id. at 11; Record Documents 32-2 at 1 & 45 at 5-6. Attached to SRP's motion is what SRP claims to be a screenshot of the LSLBC website, showing contractor details for Claremont Property and displaying a license "first issued" date of 07/20/2022, which is after the date the parties entered the MSA. Record Document 32-2.

The Court cannot properly consider Claremont's licensure, or lack thereof, on a Rule 12(b)(6) motion. In considering SRP's Motion to Dismiss the Counterclaims, the Court is obligated to take the facts as alleged in Claremont's Answer and Counterclaim as true. See Melito v. Hopkins, No. 20-CV-240, 2020 WL 2197916, at *4 (E.D. La. May 6, 2020) (citing Iqbal, 555 U.S. at 678; Twombly, 550 U.S. at 572). The proper inquiry is whether Claremont alleged sufficient facts in its pleading to plausibly entitle it to relief. As Claremont points out in its opposition, "SRP's motion to dismiss focuses on *its own allegations* regarding Claremont's licensure status." Record Document 41 at 14 (emphasis added). The allegation as to licensure status is not contained in Claremont's

6

Answer or Counterclaims. Thus, it is not referenced in the nonmoving party's pleadings and is not properly before the Court for consideration on this posture. See In re Katrina Canal Breaches Litig., 495 F.3d at 205.[3]

The Court also declines to take judicial notice of the LSLBC website entry. Under Federal Rule of Evidence 201(b), a federal court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Ev. 201(b)(2). The advisory committee notes to Rule 201(b) warn that "[w]ith respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy." Claremont objects to the Court taking judicial notice of the entry, citing at least one instance in which the website inaccurately displayed the date on which a contractor was first licensed. See Record Document 41 at 18-19. That previously-observed inaccuracy directly relates to the purpose for which SRP proffered the website and further supports Claremont's argument against judicial notice. Because the Court cannot say that the accuracy of the source cannot be reasonably questioned, the Court declines to take judicial notice of the LSLBC website.

---

[3] Claremont objects to the Court's consideration of any documents attached to SRP's Motion to Dismiss that are not referenced in the pleading and central to SRP's claims. See Record Document 41 at 19-20, 21 n.5. The Court observes that Claremont attached to its opposition a Construction Management Agreement between itself and another entity, which it argues brings it in compliance with the Louisiana licensing requirements. See Record Documents 41 at 21-22 & 41-1 at 1-2. However, Claremont makes clear that it reserves its objection to the Court's consideration of materials as to its licensing status. The contract was attached to the opposition for the Court's consideration *if* the Court considered documents attached to SRP's Motion to Dismiss. See Record Document 41 at 21 n.5. This contract is not properly before the Court because it is not referenced in the pleadings. See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

Thus, any finding that Claremont lacked a contractor license is unwarranted at this time. SRP's Motion to Dismiss relies on this Court's consideration of the LSLBC website or the Court taking judicial notice of the website. The Court has done neither. Therefore, "[i]t cannot be said as a matter of law that [Claremont] had no . . . contract with [SRP], or that beyond a doubt, [Claremont] cannot prove any set of facts in support of [its] breach of contract claim which could entitle [it] to relief." Lee v. Entergy Operations, Inc., No. 93-CV-038, 1993 WL 165751, at *4 (E.D. La. May 11, 1993).

Accordingly, SRP's Motion to Dismiss (Record Document 32) is **DENIED** as to Claremont's Counterclaims for breach of contract, bad faith breach of contract, and breach of the covenant of good faith and fair dealing.

### B. Detrimental Reliance

SRP next seeks dismissal of Claremont's detrimental reliance claim. See Record Document 32-1 at 25-26. Claremont argues it detrimentally relied on SRP to submit "invoices in a format acceptable to the insurance companies" and to comply with document and information requests from the insurance companies. Record Document 31 at 43. SRP characterizes any agreement to submit the invoices in a particular manner or to cooperate with the insurance companies as a "gratuitous promise made without required formalities." Record Document 32-1 at 26. It reasons that because the contract provides that all changes, modifications, and revisions must be in writing, its cooperation was not required under the contract. See id. SRP argues that Claremont's reliance on SRP's cooperation is therefore unreasonable and insufficient to state a claim under Louisiana Civil Code article 1967. See Record Document 32-1 at 26.

"However, [Louisiana] law is clear that written contracts may be modified by oral contracts and the conduct of the parties, even when the written contract contains a provision that change[s] . . . must be in writing." Lantech Const. Co. v. Speed, 08-811, p. 8 (La. App. 5 Cir. 5/26/09), 15 So. 3d 289, 293 (citing Aqua Pool Renovations, Inc. v. Paradise Manor Community Club, Inc., 04–119 (La. App. 5 Cir. 7/27/04), 880 So. 2d 875; Rhodes Steel Buildings, Inc. v. Walker Const. Co., 35-917 (La. App. 2 Cir. 4/3/02), 813 So. 2d 1171, 1177). Modifications can be "presumed by silence, inaction, or implication." Id. (citing Aqua Pool Renovations, Inc., 880 So. 2d 875).[4] Therefore, the MSA provision requiring changes to be in writing would not have prevented the parties from modifying the contract in other ways under Louisiana law. SRP's argument to the contrary is unavailing.

Accordingly, SRP's Motion to Dismiss (Record Document 32) is **DENIED** as to Claremont's Counterclaim for detrimental reliance.

### C. Fraud

Finally, SRP seeks dismissal of Claremont's fraud claim as time-barred under Louisiana law. See Record Document 32-1 at 26. SRP argues that Claremont has had notice of the alleged fraud for more than one year before the filing of its Counterclaim because Claremont should have known of the alleged fraud by July 2022 when it was in communication with the insurance adjustors. See id. at 27. SRP attempts to establish the

---

[4] SRP cites Holmes v. Paul, 19-130 (La. App. 5 Cir. 10/02/19), 279 So. 3d 1068, 1067, for the proposition that a change not made in writing is unenforceable when the contract requires a writing. See Record Document 32-1 at 25. However, Holmes involved a contract subject to the Statue of Frauds, which meant that the subject of the contract—and any modifications to the contract—had to be in writing. See La. C.C. arts. 1839, 2240. The Statue of Frauds is inapplicable here.

date on which Claremont knew or should have known of the alleged fraud through documents and emails attached to its Motion to Dismiss. It argues that the Court can properly consider the document and email attachments because the documents are "cited throughout Claremont's Counterclaim." See Record Document 32-1 at 26-27 nn.85, 87, 89.[5]

SRP's arguments are again based on documents not properly considered at the Rule12(b)(6) stage. As explained *supra*, the Court can consider documents attached to the Motion to Dismiss only if those documents are cited in the pleading asserting the claim and central to the claim. See In re Katrina Canal Breaches Litig., 495 F.3d at 205. "A document is central to a claim if its attachment 'merely assists the plaintiff in establishing the basis of the suit.'" Port Cargo Servs., LLC v. Westchester Surplus Lines Ins. Co., 671 F. Supp. 3d 722, 726 (E.D. La. 2023) (quoting Collins, 224 F.3d at 499).

SRP's contentions that the emails are "cited throughout Claremont's Counterclaims" are clearly contradicted by the record. Based on the Court's review of Claremont's Answer and Counterclaim, there do not appear to be *any* references to any emails or communications. To support its contentions, Claremont directs the Court to a 270-page attachment to its Motion to Dismiss labeled as "Claremont Initial Disclosure Documents." Record Document 32-3. SRP does not identify which documents it believes the Court should consider. See I.A. v. Seguin Indep. Sch. Dist., 881 F. Supp. 2d 770 (W.D.

---

[5] Claremont argues that its claim is not prescribed for several reasons. First, because SRP holds the burden of proof as to prescription and it did not meet that burden. See Record Document 41 at 24. Second, the Counterclaim relates back to the date of SRP's original Complaint pursuant to Federal Rule of Civil Procedure 15(c). See id. at 25. Third, the doctrine of *contra non valentem* applies because Claremont was unaware of the alleged fraud. See id. And finally, the continuing tort exception applies because the conduct and damage were continuous in nature. See id. at 26.

Tex. 2012) ("The Court has no obligation to sift through the voluminous attachments in search of evidence . . . ."). Therefore, consideration of SRP's proffered documents would be improper at this stage of litigation. SRP has not shown Claremont's fraud claim is prescribed.

Accordingly, SRP's Motion to Dismiss (Record Document 32) is **DENIED** as to Claremont's Counterclaim for fraud. SRP's Motion to Dismiss (Record Document 32) is **DENIED** in its entirety.

### III.    Claremont's Partial Motions to Dismiss

Claremont filed two motions captioned as Motions to Dismiss and/or Motions for Judgment on the Pleadings. The first Motion to Dismiss and/or Motion for Judgment on the Pleadings seeks dismissal and/or judgment of SRP's claims for contractual interest. See Record Document 36. The second Motion to Dismiss and/or Motion for Judgment on the Pleadings seeks dismissal and/or judgment of SRP's claims for fraud, under LUTPA, and for contractual interest. See Record Document 60.

### A.  Contractual Interest

Because Claremont's arguments regarding dismissal of claims for contractual interest are duplicated in both Motions to Dismiss, the Court considers both arguments together. Claremont argues SRP is not entitled to three categories of contractual interest on payments it is allegedly owed: (1) interest on "disputed" payments; (2) interest on "finance charges"; and (3) interest on lines of credit and/or third-party loans SRP took out allegedly in part because of Claremont's contractual breaches. See Record Document 36-1 at 14-15.

### 1. Interest on "Disputed" Payments

First, Claremont argues SRP has not stated a claim that it is entitled to interest on certain "disputed" payments because "[n]owhere in the MSA did it expressly provide for interest on disputed and/or unapproved invoices and/or bills that were never paid by SRP." Id. at 14. According to the Amended Complaint, "Claremont never objected to any of SRP's invoices submitted to Claremont . . . prior to their submission to the Project Owner(s), Insurer(s), and/or Adjustor(s)." Record Document 56 at ¶ 19; see also id. at ¶ 27 (LHCA Project), ¶ 46 (Lake Condos Project), ¶ 60 (City Place Project). Also according to the Complaint, Claremont's President made promises of payment on all three projects. See id. at ¶¶ 70-72.

Taking the facts of the Complaint as true, SRP has made a plausible claim it is entitled to interest payments on the LHCA, Lake Condos, and City Place Projects. The Amended Complaint avers that Claremont did not object to or dispute the payments. Therefore, taking the facts of the Amended Complaint as true, the invoices were undisputed. The MSA clearly provides that "[l]ate payments will accrue interest at a rate of 1 1/2% per month." See Record Document 1-3 at 17. This provision clearly applies to undisputed invoices. Because there are no facts properly before the Court on Claremont's Motion to Dismiss establishing that the payments were disputed by Claremont, the Court declines to reach the question at this stage as to whether and to what extent the MSA would impose interest on disputed payments.

Accordingly, Claremont's Motions to Dismiss and/or Motions for Judgment on the Pleadings (Record Documents 36 & 60) are **DENIED** as to SRP's claim for contractual interest on the project payments.

12

### 2.  Interest on "Finance Charges"

Claremont next argues SRP has not stated a claim it is entitled to interest on "finance charges." <u>See</u> Record Document 36-1 at 14. SRP contends that the finance charges are the 1 1/2% interest per month charged to late payments in accordance with the MSA, but does not provide any additional argument. <u>See</u> Record Document 44 at 8. The question presented by Claremont's motion is whether SRP is entitled to interest on the "finance charges," which would essentially amount to compounding interest on late invoice payments.

The Fifth Circuit has explained that under Louisiana law, "[w]hether contract language is ambiguous . . . is a question of law." <u>Apache Deepwater, L.L.C. v. W&T Offshore, Inc.</u>, 930 F.3d 647, 656 (5th Cir. 2019). Courts begin with the plain language of the contract. If the words of the contract are "clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent" and the court can interpret the contract as a matter of law. <u>Id.</u> (citing La. C.C. art. 2046). However, if there is an ambiguity or absurd result, "the question of intent is an issue of fact." <u>Id.</u> at 657. (citing <u>Gebreyesus v. F.C. Schaffer & Assocs., Inc.</u>, 204 F.3d 639, 643 (5th Cir. 2000)).

The relevant portion of the MSA reads as follows: "Late payments will accrue interest at the rate of 1 1/2 % per month, and Client will pay all of SRP's costs and expenses (including reasonable attorneys fees) to enforce and/or preserve any of SRP's rights under this agreement." Record Document 1-3 at 15. The Court finds that, based on a plain reading of the contract, it is unclear whether the contract subjects Claremont to compounding interest for late payments—that is, whether the unpaid amount of interest

13

will carry over along with the additional unpaid charges to the total for the following month and become a part of the principal subject to the 1 1/2% per month interest rate. Because the Court finds this contractual term to be ambiguous, interpretation of the provision raises a factual question of the parties' intent that is improper for resolution at this stage of litigation. See Apache Deepwater, L.L.C., 930 F.3d at 657.

Accordingly, Claremont's second Motion to Dismiss and/or Motion for Judgment on the Pleadings (Record Document 60) is **DENIED** as to SRP's claim for interest on "finance charges."

### 3. Interest on Lines of Credit and/or Third-Party Loans

Claremont argues SRP has not stated a claim it is entitled to interest on any lines of credit and/or third-party loans because they are not provided for in the MSA. See Record Document 36-1 at 14. It further argues that, even if SRP was entitled to interest on lines of credit or third-party loans, that interest would be limited to 1 1/2%. See id. SRP argues that it is entitled to interest based on the MSA's Indemnity Clause. See Record Document 44 at 7. In its reply, Claremont argues that it is not subject to the Indemnity Clause because, "based upon its plain language, the indemnity provision (even if enforceable) only applies to claims by third parties, not direct claims between the parties." Record Document 46 at 2.

The Court first addresses whether the Indemnity Clause is applicable to Claremont. The Indemnity Clause of the MSA provides, in relevant part: "Client hereby agrees to indemnify, defend, and hold SRP harmless against all claims, costs, attorneys fees, or damages, arising out of . . . or resulting in whole or in part from . . . Client's . . . failure to perform under this agreement." Record Document 1-2 at 17. The MSA specifies

that the "Client" for the purposes of the MSA is Claremont. <u>See</u> Record Document 1-3 at 17. The Court disagrees with Claremont's reading of the Indemnity Clause and finds that, based on a plain reading of the MSA, the Indemnity Clause applies to Claremont.

The Court next addresses whether the MSA makes clear whether the Indemnity Clause entitles SRP to interest on any lines of credits and/or third-party loans. Claremont argues SRP is not entitled to this interest because it is not specifically provided for in the MSA. <u>See</u> Record Document 36-1 at 14. The Court finds that, based on a plain reading of the Indemnity Clause and the entirety of the MSA, the MSA is ambiguous as to whether SRP is entitled to indemnification for losses that include interest on lines of credit and/or third-party loans. Because the Court finds this contractual term to be ambiguous, the interpretation of the provision raises a factual question of the parties' intent that is improper for resolution at this stage of litigation. <u>See</u> <u>Apache Deepwater, L.L.C.</u>, 930 F.3d at 657.

Accordingly, Claremont's second Motion to Dismiss and/or Motion for Judgment on the Pleadings (Record Document 60) is **DENIED** as to SRP's claim for contractual interest on lines of credit and/or third-party loans.

## B. Fraud

Claremont next seeks dismissal of SRP's fraud claim for two reasons. Claremont argues that the fraud claim was not pled with sufficient particularity and the claim is time-barred under Louisiana law. <u>See</u> Record Document 60-1 at 15-19.

### 1. Pleading Standard

"The elements of an action for fraud are 1) a misrepresentation of a material fact, 2) an intent to deceive (fraudulent intent), and 3) justifiable reliance and resulting

damages." <u>Tureau v. Hess Corp.</u>, No. 13-CV-2969, 2015 WL 1542508, at *3 (W.D. La. Apr. 2, 2015). Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." This standard means the plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." <u>ABC Arbitrage v. Tchuruk</u>, 291 F.3d 336, 349 (5th Cir. 2002). "The standard for pleading fraud is, therefore, a higher standard than the standard for pleading other claims that must only comply with the Rule 8(a)(2) standard." <u>Thomas v. Barclays Cap. Inc.</u>, No. 18-CV-257, 2019 WL 113778, at *3 (W.D. La. Jan. 4, 2019); <u>see also Billy Navarre Certified Used Car Imports LLC v. Claremont Prop. Co.</u>, No. 24-CV-085, 2024 WL 3607474 (W.D. La. July 31, 2024).

SRP alleges three bases for its fraud claims, including Claremont's: (1) fraudulent representation of itself as a Louisiana Licensed Commercial Contractor; (2) fraudulent addition of a "20% GC fee" to invoices sent to homeowners; and (3) fraudulent attempts "to avoid payment to SRP even though it had already received payment from its clients and/or insurance proceeds and by asserting facts it kn[ew] to be patently false." <u>See</u> Record Document 56 at 23-24. The Court considers each basis in turn.

SRP fails to meet the pleading standard for fraud as to its first two bases for its fraud claims. The claim that Claremont fraudulently represented itself as a Louisiana Licensed Commercial Contractor fails because outside of its conclusory allegation that Claremont fraudulently represented itself as a licensed contractor, SRP pleads no other relevant facts. <u>See id.</u> at 4. SRP does not identify the speaker who represented the facts nor when or where the statements were made. <u>See ABC Arbitrage</u>, 291 F.3d at 350. The

claim that Claremont fraudulently added a "20% GC fee" to the invoices similarly fails because outside of its conclusory claim that the fee was "fraudulently added," SRP provides no explanation as to why the representations were fraudulent.[6] See Record Document 56 at 5.

However, SRP's claim of fraud based on asserting false facts to avoid payments to SRP survives. SRP's Amended Complaint provides detailed allegations about statements made by Claremont's President Keelay Megarity on various spreadsheets, the dates on which those statements were made, and why those statements were ultimately misrepresentations. See id. at 14-17. This claim for fraud meets the Rule 9(b) pleading standard.

### 2.  Time Bar or Prescription

Because SRP's third claim of fraud survives, the Court considers Claremont's argument that the fraud claim is time-barred. See Record Document 60-1 at 18. Claremont argues that the allegations in its Amended Complaint relate back to its initial Complaint. See Record Document 64 at 15. It also argues that the statute of limitations only begins to run at the time the fraud "was known or should have been known to the other party." See id.

Claremont's initial Complaint was filed in state court on September 7, 2023. See Record Document 1-1. Its Amended Complaint was filed with this Court on September 25, 2024. See Record Document 56. Because both Complaints contain the same factual allegations regarding fraudulent statements made to avoid payment, the Amended

---

[6] Neither does SRP explain why representations made on invoices sent to the homeowners, who are third parties, would constitute fraud against SRP.

Complaint relates back to the original Complaint. See Johnson v. Miller, No. 23-CV-60199, 2025 WL 261060, at *2 (5th Cir. Jan. 22, 2025)  (quoting Ryan v. Phillips 66, 838 F. App'x 832, 835 (5th Cir. 2020)) ("[A]n amended complaint relates back to the date of the original pleading when 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'"). Therefore, the operative date for the Court's analysis is September 7, 2023.

The Court cannot determine whether the prescriptive period has run based on the face of SRP's Amended Complaint. According to the Amended Complaint, Claremont's representative made statements to SRP about payments for the projects at issue on April 27, 2022, and July 6, 2022; partial payments were made on April 27, 2022, August 26, 2022, and in October 2022. See Record Document 56 at ¶¶ 57, 58, 69-72, 79-82. At this juncture, the Court cannot find that SRP knew or should have known that the statements were fraudulent by September 7, 2022—one year before it filed its initial Complaint. Claremont made partial payments on the outstanding invoices within that one-year period, indicating it may have been reasonable for SRP to continue to believe that payments would be made in accordance with Claremont's statements. Therefore, the Court cannot find at this time that SRP's remaining claim for fraud is time-barred.

Accordingly, Claremont's second Motion to Dismiss (Record Document 60) is **DENIED** as to SRP's claim for fraud based on allegedly fraudulent statements made to avoid payment.

### 3.  Request for Leave to Amend

SRP requests that if its fraud claims are dismissed because they do not meet the pleading standard, it be granted leave to amend its Complaint. See Record Document 64

at 14-15. Federal Rule of Civil Procedure 15(a)(2) directs courts to "freely give leave [to amend] when justice so requires." "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (quoting Lyn–Lea Travel Corp. v. Am. Airlines, Inc., 283 F.3d 282, 286 (5th Cir. 2002)). "A district court must possess a 'substantial reason' to deny a request for leave to amend." Id. No substantial reason exists here to deny SRP's request for leave to amend.

Accordingly, Claremont's Motion to Dismiss (Record Document 60) is **GRANTED** as to SRP's claim for fraud based on claims that Claremont fraudulently represented itself as a Louisiana Licensed Commercial Contractor and that it fraudulently added a "20% GC fee" to invoices sent to homeowners. These claims are **DISMISSED WITHOUT PREJUDICE** to SRP's right to file an amended complaint and SRP is **GRANTED** leave to amend to correct any deficiencies in its pleadings for fraud claims. SRP shall file its amended complaint within 28 days of the issuance of the instant Memorandum Ruling and accompanying Order.

### C. LUTPA Claim

Finally, Claremont seeks dismissal of SRP's LUTPA claim because SRP did not allege conduct that was sufficiently egregious to impose liability. See Record Document 60-1 at 19-20. It also argues that the claim is time-barred. See id. at 21.

Louisiana Revised Statutes § 51:1405(A) provides: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Additionally, Louisiana Revised Statutes § 51:1409(A) states:

> Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared

unlawful by R. S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.

The Louisiana Supreme Court has interpreted this language to mean that "Louisiana courts determine what is a [LUTPA] violation on a case-by-case basis." Quality Envtl. Processes, Inc. v. I.P. Petroleum, Co., Inc., 13-1582, p. 21 (La. 05/07/14), 144 So. 3d 1011, 1025. To prove a LUTPA violation, SRP must show: "(1) an unfair or deceptive trade practice declared unlawful; (2) that impacts a consumer, business competitor or other person to whom the statute grants a private right of action; (3) which has caused ascertainable loss." Rockwell Automation, Inc. v. Montgomery, No. 17-CV-415, 2017 WL 2294687, at *2 (W.D. La. May 24, 2017) (citation omitted).

The Louisiana Supreme Court has held that "in establishing a LUTPA claim, a plaintiff must show that 'the alleged conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious.'" Id. (quoting Cheramie Services, Inc. v. Shell Deepwater Prod., 09-1633, p. 11 (La. 4/23/10), 35 So. 3d 1053, 1059). Consequently, "the range of prohibited practices under LUTPA is extremely narrow," as LUTPA prohibits only fraud, misrepresentation, and similar conduct, and not mere negligence. See id. at 1059-60 ("[O]nly egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct will be sanctioned based on LUTPA.").

In Tubos de Acero de Mexico, S.A. v. American International Investment Corp., Inc., 292 F.3d 471, 482 (5th Cir. 2002), the Fifth Circuit rejected an argument almost identical to Claremont's. In Tubos de Acero, defendant argued that plaintiff's LUTPA claim "allege[d] mere breach of contract, which does not rise to the level of 'egregious' behavior that LUTPA proscribes." See id. The Fifth Circuit found that based on the "deceptive and

unethical undertones" of the alleged behavior constituting the breach of contract, the claim was "not properly characterized as a mere breach of contract." <u>See id.</u> Here, SRP alleges fraudulent misrepresentations, which have survived the Rule 12(b)(6) stage and go beyond a mere breach of contract claim. <u>Cf. Gorilla Energy Servs., LLC v. United Res., LLC</u>, No. 23-CV-1580, 2024 WL 1216574, at *3 (E.D. La. Mar. 21, 2024) (rejecting plaintiff's LUTPA claim because plaintiff alleged mere breach of contract, which did not even include an allegation defendant knew it was breaching the contract). Thus, the Court cannot say that SRP has failed to state a plausible LUTPA claim.

Claremont also asserts that SRP's LUTPA claim is time-barred or the prescriptive period has passed under Louisiana law. <u>See</u> Record Document 60-1 at 20-21. However, the parties' arguments on this point are focused only on Claremont's alleged misrepresentations of itself as a licensed Louisiana contractor. SRP's fraud claim as to misrepresentations as to Claremont's licensing status has been dismissed and Claremont advances no reason why any other alleged fraudulent misrepresentations that may form the basis for LUTPA liability is barred by the statute of limitations.

Accordingly, Claremont's second Motion to Dismiss (Record Document 60) is **DENIED** as to SRP's LUTPA claim.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that SRP's Motion to Dismiss (Record Document 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Claremont's first Motion to Dismiss and/or Motion for Judgment on the Pleadings (Record Document 36) is **DENIED**.

**IT IS FURTHER ORDERED** that Claremont's second Motion to Dismiss and/or Motion for Judgment on the Pleadings (Record Document 60) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Claremont's second Motion to Dismiss and/or Motion for Judgment on the Pleadings (Record Document 60) is **GRANTED** with respect to SRP's claims for fraud based on allegations that Claremont fraudulently represented itself as a Louisiana Licensed Commercial Contractor and that it fraudulently added a "20% GC fee" to invoices sent to homeowners. These claims are **DISMISSED WITHOUT PREJUDICE** to SRP's right to file an amended complaint and SRP is **GRANTED** leave to amend to correct any deficiencies in its pleadings for fraud claims. The amended complaint shall be filed within 28 days of the issuance of the instant Memorandum Ruling and accompanying Order.

**IT IS FURTHER ORDERED** that Claremont's second Motion to Dismiss and/or Motion for Judgment on the Pleadings (Record Document 60) is **DENIED** with respect to SRP's claims for contractual interest, fraud claim based on allegedly fraudulent statements made to avoid payment, and LUTPA claims.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of February, 2025.

_____

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT