UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SRP ENVIRONMENTAL, LLC | CIVIL ACTION NO. 23-1475 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLAREMONT PROPERTY CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Defendant Claremont Property Co.'s ("Claremont") Magistrate Appeal (Record Document 86) relating to Magistrate Judge Hornsby's Memorandum Order (Record Document 83) of April 24, 2025. Plaintiff SRP Environmental, LLC ("SRP") opposed the Magistrate Appeal. See Record Document 93. Claremont replied. See Record Document 94.

Magistrate Judge Hornsby's April 24 Memorandum Order (Record Document 86) addressed three discovery-related motions: SRP's Motion to Compel (Record Document 50); Claremont's Motion for Protective Order (Record Document 57); and SRP's Motion to Strike Defendant's Motion for Protective Order (Record Document 59). SRP asserted in its Motion to Compel that Claremont's responses to discovery and production of documents were deficient due to Claremont's evasive objections and responses. Claremont did not timely file an opposition to the Motion to Compel; instead, almost a week after the response deadline, Claremont filed a Motion for Protective Order seeking relief from SRP's discovery requests. SRP's subsequent Motion to Strike argues that Claremont's Motion for Protective Order was an untimely, disguised opposition to the Motion to Compel. The Magistrate Judge agreed, holding:

> The court finds that the motion for protective order is untimely. The motion should have been filed prior to responding to Plaintiff's discovery or, at a minimum, within the delay for filing an opposition to the motion to compel.[1] Accordingly, the motion to strike is granted and Defendant's Motion for Protective Order (Doc. 57) is deemed stricken from the record.

Record Document 83 at 1.

Magistrate Judge Hornsby then addressed SRP's unopposed Motion to Compel and noted that Claremont's responses to discovery were replete with "General Responses and Objections" and evidenced "a flagrant disregard for the discovery process." Id. at 2. He observed that Claremont's typical responses of "overly broad and irrelevant" and/or "subject to and without waiving the foregoing objection, please see the attached documents" made it impossible for SRP and the court to know whether documents had been withheld. Id. In conclusion, Magistrate Judge Hornsby reasoned:

> The court finds that [Claremont's] responses to discovery are wholly inappropriate, contrary to the letter and spirit of the discovery rules, and sanctionable. [Claremont] is ordered to resubmit its responses to [SRP's] discovery omitting the general objections and responding with proper documentation and information. Supplemental responses are due within 14 days of the date of this order. [Claremont] is also ordered to pay [SRP] $3,500 to alleviate some of the expense incurred by [SRP] in litigating these motions. Payment is due within 21 days of this order.

Id. at 3.

Contemporaneously with its appeal, Claremont sought a stay with regard to further compliance with Magistrate Judge Hornsby's April 24 Order. See Record Document 86. After Claremont advised that it has provided SRP with 165 pages of written supplemental responses to SRP's requests for production of documents and made a supplemental document production totaling 5,734 pages to SRP, this Court granted the stay as to further

---

[1] The deadline for Claremont to respond to SRP's Motion to Compel was September 24, 1025. See Record Document 51.

compliance and otherwise held in abeyance until such time as the instant Magistrate Appeal was decided. See Record Document 88 at 1. The $3,500 attorneys' fee award was also stayed pending resolution of the Magistrate Appeal. See id. at 2.

Pursuant to 28 U.S.C. § 636(b)(1)(A), "[a] party may ask the district court to review a magistrate judge's non-dispositive pretrial order." Berrios v. Magnus, No. 22-00139, 2022 WL 5287782, at *1 (W.D. Tex. Oct. 6, 2022). "The district judge may set aside the magistrate judge's order when it is 'clearly erroneous or contrary to law.'" Do No Harm v. Edwards, No. 24-00016, 2024 WL 4884426, at *1 (W.D. La. Nov. 25, 2024) (quoting 28 U.S.C. § 636(b)(1)(A)). "Under a 'clearly erroneous or contrary to law' standard of review, district courts 'shall affirm the decision of the magistrate judge unless, based on all the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake.'" Id. (quoting Progressive Waste Solutions of La., Inc. v. Lafayette Consol. Gov't, No. 12-00851, 2015 WL 222392, at *2 (W.D. La. Jan. 14, 2015)). "A party is not entitled to raise new theories or arguments in its objections [to the magistrate judge's order] that the party did not present before a magistrate judge." Id. (quoting Fulford v. Transport Service Co., 2004 WL 744875, *2 (E.D. La. Apr. 2, 2004)).

Additionally, magistrate judges are "afforded great discretion" on discovery matters. Id. (quoting Albermarle Corp. v. Chemtura Corp., No. 05-1239, 2008 WL 11351528, at *1 (M.D. La. Apr. 22, 2008) (citing Merrit v. Int'l Bro. of Boilermakers, 649 F. 2d 1013 (5th Cir. 1981))). Upon review, the district court generally "defer[s] to the magistrate judge's discretion in refereeing discovery disputes." Barnett v. Tree House Café, Inc., No. 5:05-CV-195-DCB-JMR, 2006 WL 3083757, at *2 (S.D. Miss. Oct. 27, 2006). The rationale behind this general practice is that no one factor controls discovery disputes and magistrate judges are usually "far better situated to pass on discovery matters" than is the district judge. Searls v. Glasser, 64 F.3d 1061, 1068 (7th Cir. 1995); see also Evans v. Visual Tech. Inc., Nos. 91-CV-685, 92-CV-358, 92-CV-909, 1994 WL 28002, at *2 (N.D.N.Y. 1994). A magistrate judge's "discovery ruling should be reversed only in

3

an unusual and exceptional case." N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co., 898 F.3d 461, 481 (5th Cir. 2018). "[I]n matters of discretion—and discovery decisions are usually quintessential examples of the exercise of discretion—district judges do not substitute their own judgment for that of the magistrate judge." Nunn v. State Farm Mut. Auto. Ins. Co., No. 3:08-CV-1486, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010).

Claremont argues that Magistrate Judge Hornsby's striking of its Motion for Protective Order as untimely constitutes grounds for reconsideration or reversal because such action was clearly erroneous and contrary to law. This argument is grounded in Claremont's position that its motion was timely because the discovery motion deadline set forth in the Amended Scheduling Order (Record Document 24) was October 8, 2024. While Magistrate Judge Hornsby's Order stated that the motion should have been filed within the delay for an opposition to SRP's Motion to Compel, it also noted that the motion should have been filed prior to SRP's discovery. Here, Claremont first responded to SRP's discovery on August 13, 2024.[2] Claremont did not file its Motion for Protective Order until October 1, 2024, almost two months later.

Based on the reasons explained above, this Court finds that Magistrate Judge Hornsby's determination that Claremont's Motion for Protective Order was untimely and his striking of such motion was neither clearly erroneous nor contrary to law. The record in this case easily reveals repeated discovery issues. Given his overall experience with discovery matters and his prior dealing in the instant case, the undersigned believes Magistrate Judge Hornsby was "far better situated to pass on" the timeliness of Claremont's Motion for Protective Order. While it is true that the discovery motion deadline was not until October 8, 2024, there was almost two months between Claremont's first written discovery

---

[2] Claremont's responses to SRP's First Requests for Production of Documents were due Wednesday, August 7, 2024. SRP's counsel agreed to extend the response deadline until Monday, August 12, 202. See Record Document 94-1. Claremont submitted its written discovery responses on Tuesday, August 13, 2024.

4

responses on August 13, 2024 and the filing of its Motion for Protective Order on October 1, 2024. See Lafleur v. Leglue, No. 16-254-BAJ-RLB, 2017 U.S. Dist. LEXIS 106551, *34 (As a general matter, a motion for protective order is timely if filed before the date set for the discovery at issue."). Magistrate Judge Hornsby is well-versed in what discovery practices and delays are acceptable within the Western District of Louisiana, Shreveport Division, and Claremont did not provide sufficient reason for its almost two-month delay. Additionally, SRP has demonstrated prejudice based on Claremont's discovery actions and delay. See Nixion v. Bates, No. 23-7034, 2024 U.S. Dist. LEXIS 105198, *9 ("[A] motion to strike generally should not be granted absent a showing of prejudice to the moving party."). Discovery was stalled and SRP was not given meaningful notice of the basis for Claremont's objections. Thus, based on all the evidence, this Court is not left with a definite and firm conviction that the magistrate judge made a mistake.'" Magistrate Judge Hornsby's order striking Claremont's Motion for Protective Order – resulting in the merits of the motion not being considered – is hereby affirmed.[3]

Now the Court must review that Magistrate Judge's granting of SRP's Motion to Compel and the imposition of the $3,500 award of attorney's fees. Claremont submits that the Memorandum Order should be vacated to the extent it requires Claremont to produce documents relating to work of other contractors and to the extent it grants SRP's Motion to Compel Production of Documents. Additionally, Claremont asks the Court to vacate the $3,500 award of attorney's fees to SRP.

Claremont asserted in its Magistrate Appeal that it "has complied with the [Magistrate Judge's Memorandum] Order's requirement that is serve supplemental or amended responses to SRP's Document Requests" and that it "has further supplied SRP with 5,734 pages of documents,

---

[3] Claremont asks the Court to reverse the Magistrate Judge's Memorandum Order to the extent SRP's Motion to Strike Claremont's Motion for Protective Order was granted. Claremont seeks reinstatement and the granting – on the merits – of its Motion for Protective Order. Based on the reasoning set forth supra, such relief is denied.

5

which are in addition to the approximately 3,600 pages of documents that Claremont previously produced to SRP in this litigation." Record Document 86-1 at 6-7. This Court will not consider Claremont's purported compliance with the Magistrate Judge's Memorandum Order because such compliance is beyond the scope of the instant appeal.

Magistrate Judge Hornsby cited several of Claremont's generalized and boilerplate objections, noting they were "wholly inappropriate," "contrary to the letter and spirit of the discovery rules," and "show a flagrant disregard for the discovery process." Record Document 83 at 2-3. These are strong words that a Magistrate Judge within the Western District of Louisiana, Shreveport Division does not use lightly. Based on the facts and circumstances of this case drawn from a review of the record as a whole, the undersigned does not believe this case is so unusual and exceptional to warrant disturbing Magistrate Judge Hornsby's discovery ruling. In fact, the undersigned concurs and finds that Claremont's objections were improper and continue a pattern of evasive and dilatory discovery responses. Claremont's contention that the production of documents relating to the work of other contractors and/or to SRP's dismissed fraud claim are no longer relevant is also misplaced, as SRP has amply demonstrated within its response to the Magistrate Appeal why the requested discovery is relevant to other surviving claims such as breach of contract, open account, detrimental reliance, Louisiana Unfair Trade Practices Act, and unjust enrichment. See Record Document 93 at 20-24.

Finally, the undersigned finds Magistrate Judge Hornsby's order for Claremont to pay SRP $3,500 to alleviate some of the expense incurred in litigating the discovery-related motions was neither clearly erroneous nor contrary to law. Rule 37(a)(5) provides that if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion. See F.R.C.P. 37(a)(5)(A). Claremont's actions limited SRP's access to relevant records and hinders the administration of this Court's discovery processes. Claremont is ordered to pay SRP $3,5000 within 21 days of this order.

Accordingly,

**IT IS ORDERED** that Claremont's Magistrate Appeal (Record Document 86) is **DENIED** and Magistrate Judge Hornsby's Memorandum Order (Record Document 83) of April 24, 2025 is **AFFIRMED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of September, 2025.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT