**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL, LLC                          CIVIL ACTION NO. 23-1475

VERSUS                                                       JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court are three Motions to Strike (Record Documents 105, 106, & 112). The motions relate to evidence offered in connection with Plaintiff SRP Environmental, LLC's ("SRP") Motion for Partial Summary Judgment (Record Document 95). In its Motion for Partial Summary Judgment, SRP seeks dismissal of Defendant Claremont Property Company's ("Claremont") counterclaims. SRP argues that because Claremont was not a licensed contractor in the State of Louisiana at the time it contracted with three property owners, all of the contracts are void *ab initio* and are absolute nullities. See Record Document 95. Thus, SRP submits that Claremont has no right to collect the damages it seeks under its counterclaims for breach of contract, bad faith breach of contract/breach of duty of good faith and fair dealing, detrimental reliance, and fraud. See id. In response, Claremont argues its counterclaims arise out of other separate agreements and/or prior course of conduct and dealings. See Record Document 104. Additionally, Claremont submits that it was not required under Louisiana law to have a contractor's license for the limited water mitigation and dewatering related work that was performed. See id.

**BACKGROUND**

SRP alleges that it was not fully paid for certain water mitigation and/or dewatering related work on the three projects: Lighthouse Harbor Condominiums, Lake

Condominiums, and City Place Townhomes.  Claremont contends that SRP improperly and excessively overbilled for the water mitigation and/or dewatering related work, which resulted in the property owners' insurance companies rejecting SRP's bills and/or invoices for such work.  Again, the instant Motions to Strike relate to evidence offered in connection with SRP's Motion for Partial Summary Judgment (Record Document 95) seeking the dismissal of Claremont's counterclaims.

## LAW AND ANALYSIS

### I.   Motions to Strike

Motions to strike are governed by Rule 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED.R.CIV.P. 12(f).  "Motions to strike are disfavored and infrequently granted."  U.S. v. Cushman & Wakefield, Inc., 275 F .Supp.2d 763, 767 (N.D.Tex.2002) (citing Augustus v. Board of Public Instruction of Escambia County, Florida, 306 F.2d 862, 868 (5th Cir.1962)).  The Fifth Circuit has reasoned:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.  . . . It is a drastic remedy to be resorted to only when required for the purpose of justice.  . . .  The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

Augustus, 306 F.2d at 868.  "A disputed question of fact cannot be decided on motion to strike," and, "... when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike."  Id.  When questions of fact or law are present, the court should ". . . defer action on the motion and leave the sufficiency of the allegations for determination on the merits."  Id.

2

**II.     SRP's Motion to Strike Affidavit of Michael McDuff (Record Document 105)**

In response to SRP's Motion for Partial Summary Judgment, Claremont submitted the Affidavit of Michael B. McDuff (McDuff"). See Record Document 104-11. The affidavit was executed on February 1, 2022, in connection with another Western District of Louisiana case, RACM, LLC d/b/a ServPro of Saginaw v. Glad Tidings Assembly of God Church of Lake Charles, 2:21-CV-3580. At the time he executed the affidavit, McDuff was the Executive Director for the Louisiana State Licensing Board for Contractors ("LSLBC"). See Record Document 104-11 at 1.

SRP moves to strike the McDuff affidavit under Rule 12(f), arguing it is irrelevant because it is related to another case. See Record Document 105-1 at 1. Additionally, SRP submits it is not based upon personal knowledge, contains no facts pertinent to the instant litigation, cannot be authenticated, and contains inadmissible hearsay. See id. SRP contends McDuff has no personal knowledge because he is no longer the Executive Director of the LSLBC and the affidavit is wholly unrelated to the instant case. SRP cites Sweet Lake Land & Oil Co., LLC v. Exxon Mobil Corp., No. 2:09CV01100, 2009 WL 4716090 (W.D.La. Dec. 9, 2009), in support of its Motion to Strike. In Sweet Lake Land & Oil Co., Exxon filed a Rule 12(b)(6) motion and attached an affidavit by the Secretary of the Department of Environmental Quality ("DEQ"). 2009 WL 4716090, *1. Exxon asked the court to take judicial notice of the affidavit as a public record. See id. Sweet Lake argued the affidavit was irrelevant, not authentic, not a DEQ public record, and an improper attempt to use evidence to influence a Rule 12(b)(6) ruling. See id. at *2. The district court reasoned:

> The court agrees with Sweet Lake that the subject of [the] affidavit, DEQ's policy that predates Act 312, *supra*, which removed groundwater

contaminated by oilfield operations from the DEQ's jurisdiction, is irrelevant to this proceeding. Exxon has not proven authenticity of the affidavit, nor have they established that this affidavit is a record of the DEQ. Accordingly, the court will not consider the . . . affidavit when considering the Rule 12(b)(6) motion.

Id.

Conversely, Claremont maintains that the McDuff affidavit is properly authenticated, relevant, and admissible to oppose a motion for summary judgment. See Record Document 113 at 6-9. While McDuff is no longer LSLBC's Executive Director, he was serving in that capacity at the time he executed the affidavit in February 2022 and at the time the Work Authorizations at issue in this case were entered into, that is, in August and September 2021. See id. at 6. Additionally, Claremont distinguishes Sweet Lake Land, noting the affidavit at issue in that case was offered in support of a Rule 12(b)(6) motion, not a Rule 56 motion. See id. at 9-10. Claremont submits that the statements in the McDuff affidavit will be admissible at trial. See id. at 10. Claremont further argues that the certified copy of the McDuff affidavit is self-authenticating on multiple grounds under the Federal Rules of Evidence because it is domestic public document under Rule 902(2), a certified copy of a public record under Rule 902(4), and acknowledged notarized documents under Rule 902(8). See id. at 10, n. 5.

Pursuant to Rule 56, "affidavits in support of motions for and oppositions to summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Lopez v. City of San Antonio, No. SA-08-CA-089-FB, 2009 WL 10680831, *3 (W.D. Tex. Aug. 24, 2009), aff'd, 435 F. App'x 401 (5th Cir. 2011). "Rule 56 does not expressly prohibit sworn affidavits or other evidence initially obtained in other litigation

4

from being used in another case to support or oppose a motion for summary judgment." Id. Other than Sweet Lake, SRP has not cited any authority to support its position with respect to the McDuff affidavit. Moreover, this Court believes that Sweet Lake is distinguishable, partially because it was decided in the context of a Rule 12(b)(6) motion and not a Rule 56 motion. It is undisputed that McDuff is no longer the Executive Director of LSLBC. However, at the time he executed the affidavit and at the time the Work Authorizations at issue in this case were entered into, he was the Executive Director of LSLBC and was a person with knowledge of matters relevant to the issues in this lawsuit, namely whether a company such as Claremont was required to have a Louisiana contractor's license in light of the scope of work under the Work Authorizations. For these reasons, SRP's Motion to Strike Affidavit of Michael McDuff (Record Document 105) is **DENIED**.

**III.    SRP's Motion to Strike Certain Portions of the Affidavit of Keeley Megarity (Record Document 106)**

Keeley Megarity ("Megarity") has been the President of Claremont since 1995. See Record Document 104-1 at ¶ 2. He has also been a contractor for almost thirty (30) years. See id. Claremont attached an affidavit from Megarity to its response to SRP's Motion for Partial Summary Judgment. SRP now moves to strike portions of paragraphs 11, 19, and 26 and the statements in paragraphs 14, 15, 22, 23, 29, and 30 of the Megarity affidavit. See Record Document 106.

SRP submits that portions of paragraphs 11, 19, and 26 contain statements not based on personal knowledge and lack evidentiary support. The challenged portions state in regard to the three projects that "the actual services provided by Claremont and its subcontractors were limited to water mitigation and de-watering related work." Record

Document 104-1 at ¶¶ 11, 19, & 26.  SRP submits that Megarity lacks personal knowledge to make these statements.  Additionally, SRP contends that such statements are in direct contravention to purported undisputed record evidence supposedly demonstrating that the work went far beyond dewatering.   SRP maintains that all of the challenged paragraphs contain conclusory and unsupported allegations.

Here, the Court finds Megarity's affidavit demonstrates he has personal knowledge of and direct experience relating to the work Claremont performed on the projects. Additionally, the scope of the work and/or the actual work performed is a factual question that should not be decided on a motion to strike.  See Augustus, 306 F.2d at 868 ("[W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike."). For these reasons, SRP's Motion to Strike Certain Portions of the Affidavit of Keeley Megarity (Record Document 106) is **DENIED**.

IV.    **Claremont's Motion to Strike Exhibits to Plaintiff's [Motion for Partial Summary Judgment] and Reply Memorandum (Record Document 112)**

Claremont asks the Court to strike 62 pages of new exhibits/evidence it believes were improperly attached to SRP's reply memorandum.  See Record Document 112-1 at 5-6.  Claremont contends these new evidentiary materials are not permitted at the reply stage and it has been deprived of any opportunity to respond.  Alternatively, Claremont seeks the opportunity to respond to the additional material.  See id.

At the outset, the Court notes that there has been extensive briefing in this case relating to all of the pending dispositive motions.  Specifically as to SRP's Motion for Partial Summary Judgment, the parties filed a motion, response, and reply followed by a supplemental memorandum in support, supplemental response, and supplemental reply.

6

<u>See</u> Record Documents 95, 104, 107, 125, 126, & 158.   Claremont's supplemental response was filed on October 31, 2025, well after the instant August 2025 motion alleging it had been deprived of any opportunity to respond.   Additionally, the Court believes the evidence attached to SRP's reply falls within the category of rebuttal and/or impeachment and the Court is within its discretion to consider such evidence.   For these reasons, Claremont's Motion to Strike Exhibits to Plaintiff's [Motion for Partial Summary Judgment] and Reply Memorandum (Record Document 112) is **DENIED**.

### CONCLUSION

Based on the foregoing analysis, the Court finds that the arguments presented in the Motions to Strike (Record Documents 105, 106, & 112), all relating to evidence offered in connection with SRP's Motion for Partial Summary Judgment (Record Document 95), do not warrant striking the evidence.   Motions to strike are disfavored and infrequently granted and such an extreme remedy is unwarranted in this instance.

**IT IS ORDERED** that the Motions to Strike (Record Documents 105, 106, & 112) be and are hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of March, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT