**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL, LLC                    CIVIL ACTION NO. 23-1475

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Plaintiff SRP Environmental, LLC's ("SRP") Motion to Strike, or in the Alternative, Disregard the Declaration of Keeley Megarity.  See Record Document 199.  Defendant Claremont Property Company ("Claremont") filed an opposition and SRP filed a reply.  See Record Documents 210 and 213.

The motion currently before the Court relates to the briefing on Claremont's Motion for Partial Summary Judgment on LUTPA.  See Record Document 159.  More specifically, SRP contends that Claremont submitted improper new evidence, i.e., the declaration of Keeley Megarity, President and owner of Claremont, in connection with its reply memorandum in support of its Motion for Partial Summary Judgment.  See Record Document 199.  SRP further submits the declaration should be stricken because it is self-serving, changes previous sworn testimony, and contains hearsay.  See id.

Simultaneously with the filing of its Motion to Strike, or in the Alternative, Disregard the Declaration of Keeley Megarity, SRP also sought leave of court "to address the new arguments raised in the Declaration of Keeley Megarity."  Record Document 204-1 at 1. The Court granted leave and the sur-reply was filed.  See Record Documents 207 and 208.  Within the sur-reply, SRP addressed the Declaration of Keeley Megarity extensively, arguing it is unsubstantiated and uncorroborated.  See Record Document 208.

Motions to strike are governed by Rule 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). "Motions to strike are disfavored and infrequently granted." U.S. v. Cushman & Wakefield, Inc., 275 F .Supp.2d 763, 767 (N.D.Tex.2002) (citing Augustus v. Board of Public Instruction of Escambia County, Florida, 306 F.2d 862, 868 (5th Cir.1962)). The Fifth Circuit has reasoned:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purpose of justice. . . . The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

Augustus, 306 F.2d at 868. "A disputed question of fact cannot be decided on motion to strike," and, "... when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." Id. When questions of fact or law are present, the court should ". . . defer action on the motion and leave the sufficiency of the allegations for determination on the merits." Id.

After reviewing the Motion to Strike, or in the Alternative, Disregard the Declaration of Keeley Megarity, the Court finds that the drastic remedy sought by SRP is not warranted. Some of the issues raised by SRP have been adequately addressed by the filing of the sur-reply. Additionally, this Court is capable of determining which, if any, portions of the declaration are proper summary judgment evidence. Accordingly, SRP's Motion to Strike, or in the Alternative, Disregard the Declaration of Keeley Megarity (Record Document 199) is **DENIED**.

2

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of May, 2026.

_____

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT