**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

SRP ENVIRONMENTAL CO.                     CIVIL ACTION NO. 23-1475

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

This matter is before the Court on Cross-Motions for Partial Summary Judgment. Plaintiff SRP Environmental, LLC ("SRP") filed a Motion for Partial Summary Judgment on its breach of contract claim. See Record Document 143. Defendant Claremont Property Company ("Claremont") then filed a Cross-Motion for Partial Summary Judgment on SRP's Breach of Contract Claim. See Record Document 166. Both motions are fully briefed. See Record Documents 170, 181, 188, and 193. For the reasons set forth below, the Cross-Motions for Partial Summary Judgment are **DENIED** and SRP's breach of contract claim will proceed to trial.

**FACTUAL BACKGROUND**

Claremont is a general contractor that commonly operates in disaster-stricken areas. On October 19, 2020, SRP and Claremont entered into an agreement for "All 2020 Large Loss Projects." Record Document 166-3 at 1. The agreement was drafted by SRP. See Record Document 166-5 at 4. While the agreement was signed by Keeley Megarity ("Megarity"), President of Claremont, it was not signed by SRP. See id. The 2020 agreement provided that it could "not be changed unless mutually agreed upon in writing by both parties." Id. Additionally, the agreement contained an "Assignment of Insurance Proceeds – Direct Pay Authorization to Insurer" provision:

> The undersigned Client [Claremont] hereby assigns to SRP, Environmental LLC ("SRP"), all of Client's right, title and interest in those insurance proceeds adjusted by their insurer for the work performed by SRP. Client hereby authorizes and directs its insurer to pay SRP as payee or as an additional payee on all insurance loss drafts or distributions for the work performed by SRP at the above property.
>
> Client [Claremont] remains liable to SRP for payment of SRP's invoices until payment is received by SRP from the insurance company. In the event Client's [Claremont's] assignment of rights to receive insurance benefits as provided herein is not valid for any reason, Client shall be liable for payment of SRP's invoices. In such event, invoices are due on demand.

Id.

In April 2021, SRP and Claremont entered into a Master Services Agreement ("MSA") pursuant to which SRP would provide certain industrial hygiene services on projects.  See Record Document 143-3 at 6-10.  Megarity signed the MSA on April 8, 2021. See id. at 6.  The MSA was not signed by SRP. See id.  However, the MSA provided that the agreement "shall become effective upon the earlier of the date it is fully signed or SRP begins work."  Id. at 6.

The MSA was drafted by SRP and pertained to "all 2021 projects."  Id.; see also Record Document 166-5 at 4.  Both parties agree that the MSA set the prices and terms for SRP's services for any projects Claremont hired SRP to perform within a year from signing.  See Record Document 143-3 at 1, ¶ 4; Record Document 166-2 at 7.  The MSA provided that "[n]o change in, modification of or revision of these terms shall be valid unless in writing and signed by SRP's authorized representative."  Record Document 143-3 at 6.  SRP never signed any written change, modification, or revision of the MSA.  See id. at 1, ¶ 9.

The MSA contained an "Assignment of Insurance Proceeds – Direct Pay Authorization to Insurers" provision:

2

> The undersigned Client [Claremont] hereby assigns to SRP all of the Client's right, title, and interest in those insurance proceeds paid by their or the property owner's insurer for the work/Services performed by SRP at the above property('s).  SRP may contact the insurer regarding any payments and to provide information related to its Services.  In no event shall this section be construed as a paid-if-paid or paid-when-paid clause, and Client [Claremont] shall remain liable for all amounts owed to SRP under the agreement regardless of any position taken by the insurer.  This section shall not in any way modify or amend the Invoice/Payment Terms stated above.

Id.  The MSA contained no merger or integration clause.  See Record Document 143-3 at 6-10; see also Record Document 166-2 at 16-17.

After Hurricane Ida, Claremont contracted with SRP to perform industrial hygiene services on three projects for the benefit of the property owners, who were Claremont's clients.  See Record Document 143-2 at 1.  The three projects were the Lighthouse Condominiums, the Lake Condominiums, and the City Place Townhomes and the claims in this case arise out of SRP's work on these projects.  SRP began the work on the projects in September 2021 and substantially completed its services in April 2022.  See Record Document 143-1 at 2.  SRP alleges that it performed all of its obligations to Claremont under the MSA and provided all expected services in an expeditious and workmanlike manner.  See id.  SRP invoiced Claremont for its work, but Claremont only made partial payments to SRP for the services performed.  See id.  SRP was not paid the full invoice amounts and eventually instituted this matter for breach of contract and damages in September 2023.  See id.  SRP alleges that the outstanding amount due is $1,044,695.18.  See id.

**LAW AND ANALYSIS**

I.      **Summary of the Arguments.**

SRP seeks summary judgment on its breach of contract claim against Claremont on the grounds that it performed the required industrial hygiene services at the three projects in a good and workmanlike manner, invoiced Claremont, and Claremont failed to pay the invoices in full.  SRP argues that Claremont has no defense under the MSA for its refusal to pay.  Thus, SRP submits there are no genuine issues of material fact preventing the finding that Claremont breached the terms of the MSA.

Conversely, Claremont asserts that changes in the 2021 MSA, as compared to the 2020 agreement, altered payment terms and created ambiguity.  Claremont submits the contract between SRP and Claremont included not only the MSA, but also oral agreements, course of conduct, and industry practice and usage.  Based on course of conduct and prior custom and practice since 2020, Claremont's position is that payment for SRP's work was limited to what the insurance companies approved on the projects.  Alternatively, Claremont argues it is entitled to summary judgment on SRP's breach of contract claim because SRP breached its duty to perform its contractual services in good faith by improperly submitting unreasonable, excessive, and inaccurate invoices.  Claremont retained an expert, Michael Eddings ("Eddings") of JS Held consulting firm, to review SRP's invoices and supporting documentation for the purpose of determining whether SRP billed an accurate, fair, and reasonable sum for the work it performed, accompanied by appropriate supporting data, consistent with generally accepted industry standards.  Eddings submitted his report and opined that there were many areas in which SRP's invoices fell well below reasonable industry standards.

4

II.    **Summary Judgment Standard.**

A court should grant a motion for summary judgment when the pleadings "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  In applying this standard, the court should construe "all facts and inferences in favor of the nonmoving party."  Deshotel v. Wal-Mart Louisiana, L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery.  See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).  Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden.  See id.  If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial."  Id. (citing Celotex, 477 U.S. at 323).  In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ...."  Id.

When considering cross-motions for summary judgment, the court reviews each party's motion independently and views "the evidence and inferences in the light most

5

favorable to the nonmoving party." Ryan, LLC v. Federal Trade Commission, 746 F.Supp.3d 369, 381 (N.D.Tex., 2024) (citing Springboards To Educ., Inc. v. Hous. Indep. Sch. Dist., 912 F.3d 805, 811 (5th Cir. 2019)). "Cross-motions for summary judgment will not, in and of themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." Joplin v. Bias, 631 F.2d 1235, 1237 (5th Cir. 1980).  The reasoning behind this rule is that "each party moving for summary judgment may do so on different legal theories depending on different constellations of material facts."  Ryan, 746 F.Supp.3d at 381 (citing Bricklayers, Masons & Plasterers Int'l Union of Am., Loc. Union No. 15, Orlando, Fla. v. Stuart Plastering Co., 512 F.2d 1017, 1023 (5th Cir. 1975)).

III.    Analysis.

The key issue presented in the Cross-Motions for Partial Summary Judgment on SRP's breach of contract claim is whether the MSA alone controlled the relationship between SRP and Claremont or if the agreement between the parties also encompassed the course of prior conduct, oral agreements, and industry customs and standards.  The Court finds that factual issues remain such that this decision is proper for the factfinder at trial, not at the summary judgment stage.

While the record contains other instances of material factual disputes, the Court points to testimony from Megarity regarding whether over the course of SRP's work with Claremont, SRP agreed to accept whatever compensation the insurance companies approved.  See Record Document 166-6 at 50-54.  The following excerpt from Megarity's personal deposition, at a minimum, raises genuine issues of fact relating to whether SRP

conformed to an oral agreement to accept what the insurers paid on their invoices over the span of 20 construction projects:

> Q. Let's look at the last paragraph. And, specifically, the last two sentences in the last paragraph of page 1.

> MR. STRAUSS:
> Is that under Assignment of Insurance Proceeds?

> MR. D'ARCY:
> Correct.

> A. (Reviews document).

> Q. I'll read it for you, if you don't mind.
> In no event shall this section be construed as a pay-if-paid or pay-when-paid clause and client shall remain liable for all amounts owed to SRP under this agreement regardless of any position taken by the insurer. This section shall not in any way modify or amend the invoice payment terms stated above. (As read.)
> Now, I think you testified that you've been in construction over 30 years. Right?

> A. Yes.

> Q. What is your understanding of a pay-if-paid clause?

> . . .

> A. It's exactly our agreement. And it's not pay if paid. It is pay what we're paid. So it's not a deal. Because our payment is going to be coming from the insurance company.
> And so it wasn't a question of if we were going to get paid or not. It's a question of how much.
> So SRP's obligation to get their invoices approved by the insurance company was our whole deal. And there's no – there's really no other way that you can do the work. There's no other way that this type of work can be done and then provide a service to the client and then protect everybody.

> Q. Thank you.
> I think I asked what your understanding was of a pay-if-paid clause.
> Based on your 30 years in construction, what is your understanding of a pay-if-paid clause?

> . . .

A.      Pay if you get paid.

Q.      So that would mean that in this situation if a pay-if-paid clause existed here, that SRP would only get paid if Claremont got paid.  Correct?

A.      But this clause right here says, Pay if paid.  But it's not a pay-if-paid clause.
        Our relationship is not pay if paid.  It's pay the amount paid.

Q.      But it states, In no event shall this section be construed as a pay-if-paid or a pay-when-paid clause.  (As read.)
        Right?

A.      It's not pay if paid or pay when paid.
        Our agreement is pay how much is paid.

Q.      Where is that in the agreement?

A.      It's not.

Q.      Okay.

A.      Therefore, that's why it's – why our – this really doesn't apply.  Because it's not pay if paid or pay when paid.  It's paid how much.  Because the invoices are not valid until the insurance company approves them.

Q.      But that's nowhere in Exhibit 5.  Right?

A.      No.  But it's there in the 20 jobs we did with them.

Id.  SRP argues "Megarity has little to no credibility when offering self-serving statements, and his testimony both in his personal deposition and in his affidavits/declarations should be disregarded or given little to no weight by the Court."  Record Document 181 at 2. This argument is unpersuasive, as courts may consider self-serving evidence as competent summary judgment evidence when the evidence otherwise meets the requirements of Rule 56.  See Brown v. City of Wisner, No. CV 3:22-00780, 2022 WL 17258341, at *9 (W.D. La. Nov. 10, 2022), report and recommendation adopted, No. 3:22-00780, 2022 WL 17254767 (W.D. La. Nov. 28, 2022), citing Guzman v. Allstate Assurance Co., 18 F.4th

8

157, 161 (5th Cir. 2021).  Moreover, SRP urges the Court to discount Megarity's credibility and to give little weight – if any – to his depositions, affidavits, and/or declarations. Megarity is a key witness in this matter and SRP's assertions seem to support the Court's conclusion that SRP's breach of contract claim is not properly decided at the summary judgment stage.

The record as a whole in this matter establishes that SRP and Claremont had an ongoing relationship.  Both the 2020 agreement and the 2021 MSA were drafted by SRP; thus, any ambiguity is construed against SRP.  See Serv. Steel Warehouse Co., L.P. v. McDonnel Grp., LLC, No. CV 14-1416, 2016 WL 128152, at *4 (E.D. La. Jan. 11, 2016), aff'd sub nom. Serv. Steel Warehouse Co., L.P., v. McDonnel Grp., L.L.C., 690 F. App'x 869 (5th Cir. 2017).  Additionally, the 2021 MSA agreement does not contain a *complete* integration clause.  The absence of a complete integration or merger clause leaves the possibility open for the agreement between SRP and Claremont to include oral agreements, course of conduct, and industry practice and usage.  There is also a factual question regarding the parties' intent for the MSA to supersede all prior agreements.  It is also well settled under Louisiana law that "written contracts may be modified by oral contracts and the conduct of the parties, even when the written contract contains a provision that change orders must be in writing."  Lantech Const. Co. v. Speed, 08-811 (La. App. 5 Cir. 5/26/09), 15 So. 3d 289, 293.  Such modification of the written agreement can be presumed by silence, inaction, or implication.  See id.  Hence, the Court believes this is an instance where parole evidence is admissible to determine the full agreement between the parties.  See generally Water Craft Mgmt., L.L.C. v. Mercury Marine, 361 F. Supp. 2d 518, 552 (M.D. La. 2004), judgment entered, No. CIV.A. 99-1031-B-M1, 2004

WL 3244168 (M.D. La. Oct. 1, 2004), and aff'd sub nom. <u>Water Craft Mgmt. LLC v. Mercury Marine</u>, 457 F.3d 484 (5th Cir. 2006).  The Cross-Motions for Partial Summary Judgment are **DENIED**.

## CONCLUSION

Based on the foregoing, the Court finds genuine disputes of material fact prevent the entry of judgment as a matter of law as to SRP's breach of contract claim. Accordingly, the Cross-Motions for Partial Summary Judgment (Record Documents 143 and 166) are **DENIED** and SRP's breach of contract claim will proceed to trial.

An Order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 21st day of May, 2026.

_____

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT

10