**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL CO.                    CIVIL ACTION NO. 23-1475

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff SRP Environmental, LLC ("SRP").  See Record Document 142.  SRP submits that there are no genuine disputes of material fact that Defendant Claremont Property Company ("Claremont") violated the Louisiana Prompt Pay Act ("LPPA"); thus, SRP seeks an entry of partial summary judgment awarding it statutory penalties and reasonable attorney fees under the LPPA.  See id.  Claremont filed its opposition and SRP replied.  See Record Documents 167 and 180.  SRP and Claremont also filed supplemental briefs.  See Record Documents 216 and 227.  For the reasons set forth below, SRP's Motion for Partial Summary Judgment is **DENIED**.

**FACTUAL BACKGROUND**

The facts of this case were set forth in detail in the Court's May 21, 2026 Memorandum Ruling (Record Document 330) and are incorporated herein by reference. The following facts are relevant to the instant motion.

Following Hurricane Ida, Claremont contracted with SRP to perform industrial hygiene services on three projects for the benefit of the property owners, who were Claremont's clients.  The three projects were the Lighthouse Condominiums, the Lake

Condominiums, and the City Place Townhomes.  SRP's LPPA claims relate to the Lighthouse and City Place projects.  See Record Document 216.

SRP began work on the projects in September 2021 and substantially completed its services in April 2022.  During Claremont's Rule 30(b)(6) deposition, Keeley Megarity ("Megarity"), President of Claremont, testified about the dates that Claremont was paid for each of the projects.  See Record Document 249.  Claremont received $200,000 in payment for SRP's work on the Lighthouse project on July 22, 2022.  See id. at 4.  On November 4, 2022, Claremont received $118,000 for SRP's work on the Lake Condos project.  See id. at 5.  Megarity stated that the $118,000 and the $200,000 were undisputedly owed to SRP.  See id. at 6.  In both his personal deposition and in the corporate deposition, Megarity testified that Claremont had not paid the money to SRP because of the ongoing billing and invoice dispute between SRP and Claremont.  See id. at 5-7; Record Document 142-4 at 6-8.  Claremont wanted a settlement or a global release from SRP before issuing payment.  See id.

## LAW AND ANALYSIS

**I.      Summary Judgment Standard.**

A court should grant a motion for summary judgment when the pleadings "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  In applying this standard, the court should construe "all facts and inferences in favor of the nonmoving party."  Deshotel v. Wal-Mart Louisiana, L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery.  See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).  Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden.  See id.  If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial."  Id. (citing Celotex, 477 U.S. at 323).  In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ...."  Id.

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Looney Ricks Kiss Architects, Inc. v. Bryan, 2014 WL 1092403, at *2 (W.D. La. 2014).  Partial summary judgment is for narrowing and focusing the issues for trial.  See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir. 1993).

## II.    Louisiana's Prompt Payment Act.

The LPPA provides, in pertinent part:

> If the contractor or subcontractor without reasonable cause fails to make any payment to his subcontractors and suppliers within fourteen consecutive days of the receipt of payment from the owner for improvements to an immovable, the contractor or subcontractor shall pay to the subcontractors and suppliers, in addition to the payment, a penalty in the amount of one-half of one percent of the amount due, per day, from the

3

expiration of the period allowed herein for payment after the receipt of payment from the owner. The total penalty shall not exceed fifteen percent of the outstanding balance due. In addition, the contractor or subcontractor shall be liable for reasonable attorney fees for the collection of the payments due the subcontractors and suppliers. However, any claim which the court finds to be without merit shall subject the claimant to all reasonable costs and attorney fees for the defense against such claim.

La. R.S. 9:2784(C).  Here, SRP seeks penalties and reasonable attorney fees from Claremont under the LPPA.

**III.    Analysis.**

SRP submits there is no dispute that Claremont has received the principal amounts of $200,000 and $118,000 from the owners, or their insurers, of the Lighthouse and City Place projects for work that SRP performed.  SRP maintains that because Claremont has admitted it withheld payment, there are no genuine issues of material fact and SRP is entitled to entry of partial summary judgment finding Claremont violated the LPPA.

Claremont argues that SRP never asserted a LPPA claim and cannot now expand the pleadings.  Additionally, Claremont contends that SRP's LPPA claims fail because SRP breached the MSA, the LPPA does not apply to residential property, and/or there was good cause to withhold payments.

While Claremont has posited several arguments, the Court decides this matter based upon the plain language of the LPPA.  Section 2784(D) of the LPPA states that "the provisions of this Section shall not be applicable to improvements to an immovable that is used for residential purposes."  La. R.S. 9:2784(D).  Claremont submits that the plain language of the statute prohibits application in this matter, as there is no dispute that the Lighthouse and City Place projects involve residential condominiums and/or townhomes.

The LPPA does not define "residential purposes."  SRP directs the Court to other provisions within Title 9 that define residential.  La R.S. 9:3196(5), as part of Louisiana's Residential Property Disclosure laws, defines "residential real property" as "real property consisting of one or not more than four residential dwelling units, which are buildings or structures each of which are occupied or intended for occupancy as single family residences." La. R.S. 9:3196(5).  However, this definition is limited to "this Chapter." See La. R.S. 9:3196 ("As used in this Chapter, the following terms have the meanings hereinafter ascribed to them").  SRP also points to the definition of "residential use" in Louisiana's Planned Community Act:  "Residential use means the use of a lot as a residence, including the use of a multi-unit building as a residence, provided that the building contains four or fewer separate housing units, the building is located on a single lot, and the entirety of the building is owned by the same person or persons." La. R.S. 9:1141.2(28).  But again, this definition is limited to the provisions of the Planned Community Act.  See La. R.S. 9:1141.2.  Finally, SRP points to the definition of "commercial" set forth in Title 37, Chapter 24 – Professions and Occupations, Contractors:

> "Commercial" means any construction project except residential structures intended to be primarily occupied as a residence with no more than two separate dwelling units incorporated into one structure.

La. R.S. 37:2150.1(2).  Yet, like in previous instances, this definition is limited to "as used in this Chapter." La. R.S. 37:2150.1.  The Court further notes the purpose and legislative intent of Title 37, Chapter 24:

> The purpose of the legislature in enacting this Chapter is the protection of the health, safety, and general welfare of all those persons dealing with persons engaged in the contracting vocation, and the affording of such persons of an effective and practical protection against the incompetent,

5

inexperienced, unlawful, and fraudulent acts of contractors with whom they contract. Further, the legislative intent is that the State Licensing Board for Contractors shall monitor construction projects to ensure compliance with the licensure requirements of this Chapter.

La. R.S. 37:2150. The Legislature is clearly not regulating payment issues and billing disputes between contractors and subcontractors in Title 37, Chapter 24.

Here, the condominiums and townhomes where SRP performed the work are not used as commercial office buildings where business is conducted. Instead, residents live in the condominiums and townhomes independently. If the Legislature had intended to limit or restrict the definition of "residential purposes" in the LPPA, it would have. See La. R.S. 9:2784(D). Here, the Court believes the omission was intentional and will honor the plain language of the statute, i.e., not imposing a restriction that is not there. Thus, the LPPA is inapplicable to this matter.

### CONCLUSION

Based on the foregoing, SRP's Motion for Partial Summary Judgment (Record Document 142) seeking entry of partial summary judgment awarding it statutory penalties and reasonable attorney fees under the LPPA is **DENIED**, as the Court finds the LPPA is inapplicable to this case.

An Order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 2nd day of June, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT