**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL CO.                              CIVIL ACTION NO. 23-1475

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Plaintiff SRP Environmental, LLC's ("SRP") Motion to Strike and/or Disregard Inadmissible Summary Judgment Evidence. See Record Document 179. Defendant Claremont Property Company ("Claremont") opposed the Motion to Strike and SRP replied. See Record Documents 194 and 206.

This case relates to Claremont's nonpayment of invoices for work SRP performed as a subcontractor on three projects. SRP contends Claremont has no defense to its nonpayment under the governing terms of the Master Services Agreement ("MSA"). Conversely, Claremont submits that the agreement between the parties includes not only the MSA, but also oral agreements, course of conduct, and industry practice and usage. This Court denied cross-motions for partial summary judgment on SRP's breach of contract claim, finding genuine disputes of material fact exist as to the terms of the agreement between SRP and Claremont. See Record Documents 330 and 331. SRP's breach of contract claim will proceed to trial. See id.

In addition to the argument set forth above, Claremont further contends that SRP breached its duty to perform the contractual services in good faith by improperly submitting unreasonable, excessive, and inaccurate invoices. Claremont retained an expert, Michael Eddings ("Eddings") of JS Held consulting firm, to review SRP's invoices

and supporting documentation for the purpose of determining whether SRP billed an accurate, fair, and reasonable sum for the work it performed, accompanied by appropriate supporting data, consistent with generally accepted industry standards. Eddings submitted his report in November 2024 and opined that there were many areas in which SRP's invoices fell well below reasonable industry standards. In connection with the extensive motion practice in this case, Eddings has also submitted several declarations.

Claremont filed a Motion for Partial Summary Judgment (Record Document 159) seeking dismissal of SRP's Louisiana Unfair Trade Practices Act claim. As part of its opposition, Claremont submitted declaration under 28 U.S.C. § 1746 from Eddings ("the Eddings Declaration"). In the instant Motion to Strike and/or Disregard Inadmissible Summary Judgment Evidence, SRP challenges two third-party reports (Record Documents 159-6 and 159-8) attached to Eddings Declaration (Record Document 159-3); the Envista Email (Record Document 159-7) attached to the Eddings Declaration; Paragraphs 10-12 of the Eddings Declaration (Record Document 159-3); portions of the J.S. Held Report (Record Document 159-5); and portions of Claremont's memoranda or oppositions. See Record Document 179-1.

Legal Standard

Motions to strike are governed by Rule 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). "Motions to strike are disfavored and infrequently granted." U.S. v. Cushman & Wakefield, Inc., 275 F .Supp.2d 763, 767 (N.D.Tex.2002) (citing Augustus v. Board of Public Instruction of Escambia County, Florida, 306 F.2d 862, 868 (5th Cir.1962)). The Fifth Circuit has reasoned:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purpose of justice. . . . The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

Augustus, 306 F.2d at 868. "A disputed question of fact cannot be decided on motion to strike," and, "... when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." Id. When questions of fact or law are present, the court should ". . . defer action on the motion and leave the sufficiency of the allegations for determination on the merits." Id.

Analysis

I.    McLarens Report (Record Document 159-6), DBI Report (Record Document 159-8), and the Envista Email (Record Document 159-7)

SRP objects to the reports and email as unauthenticated and inadmissible hearsay. The Court disagrees. Claremont can use these exhibits because at the summary judgment stage, evidence does not have to be authenticated or otherwise presented in admissible form. See F.R.C.P. 56(c); Maurer v. Indep. Town, 870 F.3d 380, 384 (5th Cir. 2017). Additionally, Eddings relied on these reports and the email in forming his expert opinion. Under Rule 703, he is permitted to rely upon such hearsay to form his opinion. See LaCombe v. A-T-O, Inc., 679 F.2d 431, 436 n. 5 (5th Cir. 1982). SRP's Motion to Strike and/or Disregard Inadmissible Summary Judgment Evidence on this ground is **DENIED**.

II.    Paragraphs 10-12 of the Eddings Declaration (Record Document 159-3)

SRP submits that in paragraphs 10-12 of his declaration, Eddings attempts to certify that the aforementioned reports and emails are "true and correct copies" and that he "agree[s] with most of the information included." Record Document 159-3 at 6-7. SRP argues these statements provide no foundation, are improper bolstering, and attempt to authenticate/vouch for the truth of the reports and email.

The Court has reviewed the briefing on this issue and finds that while Eddings choice of wording was inept, it is clear Eddings was simply certifying the specified exhibits as true and correct copies of what he was provided to review for the purpose of rendering his expert opinion. Additionally, his statements regarding his agreement with the information is further explanation that he consulted these sources and then used the information together with his own professional knowledge and experience to reach his expert opinion. SRP's Motion to Strike and/or Disregard Inadmissible Summary Judgment Evidence on this argument is **DENIED**.

III.    Portions of the J.S. Held Report (Record Document 159-5)

SRP moves to strike portions of the J.S. Held Report because it "quote[s] directly from the narratives and summaries of the Third Party Reports." Record Document 179-1 at 7. SRP contends this is improper hearsay and bolstering. Again, Eddings was allowed to consult the McLarens Report, the DBI Report, and the Envista Email and rely on the facts and data contained therein to form his expert opinion. SRP's Motion to Strike and/or Disregard Inadmissible Summary Judgment Evidence on this basis is **DENIED**.

IV.    Portions of Claremont's Memoranda or Oppositions

Claremont uses the Eddings Declaration and the exhibits to same to support its arguments in relation to other pending dispositive motions.  Thus, SRP maintains that these portions of Claremont's memoranda and oppositions should be stricken or disregarded.  Because the Court has found all of SRP's challenges to the reports and email to be meritless, this portion of SRP's motion is likewise **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 4th day of June, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE