**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL CO.                    CIVIL ACTION NO. 23-1475

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before Court is a Motion for Partial Summary Judgment filed by Plaintiff SRP Environmental, LLC ("SRP") regarding Defendant Claremont Property Company's ("Claremont") affirmative defense of waiver.  See Record Document 165.  Claremont filed a response and SRP replied.  See Record Document 189 and 191.  The Court also granted leave of court for supplemental briefing from both SRP and Claremont.  See Record Documents 225 and 228.  For the reasons set forth below, the Motion for Partial Summary Judgment is **DENIED**.

Factual Background

The facts of this case were set forth in detail in the Court's May 21, 2026 Memorandum Ruling (Record Document 330) and are incorporated herein by reference. The following facts are relevant to the instant motion.

In April 2021, SRP and Claremont entered into a Master Services Agreement ("MSA") pursuant to which SRP would provide certain industrial hygiene services on projects.  See Record Document165-3 at 6.  Both parties agree that the MSA set the prices and terms for SRP's services for any projects Claremont hired SRP to perform within a year from signing.  The MSA provided that "[n]o change in, modification of or revision of these terms shall be valid unless in writing and signed by SRP's authorized

representative."  Id.  SRP never signed any written change, modification, or revision of the MSA.

The MSA contained an "Assignment of Insurance Proceeds – Direct Pay Authorization to Insurers" provision:

> The undersigned Client [Claremont] hereby assigns to SRP all of the Client's right, title, and interest in those insurance proceeds paid by their or the property owner's insurer for the work/Services performed by SRP at the above property('s).  SRP may contact the insurer regarding any payments and to provide information related to its Services.  In no event shall this section be construed as a paid-if-paid or paid-when-paid clause, and Client [Claremont] shall remain liable for all amounts owed to SRP under the agreement regardless of any position taken by the insurer.  This section shall not in any way modify or amend the Invoice/Payment Terms stated above.

Id.  The MSA contained no merger or integration clause.

After Hurricane Ida, Claremont contracted with SRP to perform industrial hygiene services on three projects for the benefit of the property owners, who were Claremont's clients.  The three projects were the Lighthouse Condominiums, the Lake Condominiums, and the City Place Townhomes and the claims in this case arise out of SRP's work on these projects.  SRP began the work on the projects in September 2021 and substantially completed its services in April 2022.  SRP alleges that it performed all of its obligations to Claremont under the MSA and provided all expected services in an expeditious and workmanlike manner.  SRP invoiced Claremont for its work, but Claremont only made partial payments to SRP for the services performed.  SRP was not paid the full invoice amounts and eventually instituted this matter for breach of contract and damages in September 2023.

Claremont asserted a number of affirmative defenses, including the doctrine of waiver.  See Record Document 31 at 3.  Claremont argues that its contract with SRP

included not only the MSA, but also oral agreements, course of conduct, and industry practice and usage. Based on course of conduct and prior practice since 2020, Claremont's position is that payment for SRP's work was limited to what the insurance companies approved on the projects. Claremont submits that SRP repeatedly accepted payments in accordance with course of performance and prior course of dealings. See id. Thus, Claremont contends SRP waived it right to enforce any contractual provision contrary to the parties' common practice and prior course of dealings. See id.

Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In applying this standard, the court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart Louisiana, L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id. If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323). In evaluating motions for summary judgment,

courts must view all facts in the light most favorable to the nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ...." Id.

Analysis

SRP argues Claremont has no evidence that SRP waived the terms of the MSA and no evidence there was a pattern of SRP accepting only the amounts approved by insurers and/or property owners.  Thus, SRP maintains Claremont was required to pay SRP's invoices in full.

Under Louisiana law, the elements of waiver are:  "(1) an existing legal right; (2) knowledge of the existence of that right; and (3) either (a) an actual intention to relinquish the right, or (b) conduct so inconsistent with the intent to enforce the right so as to induce a reasonable belief that the right has been relinquished."  Orleans Par. Sch. Bd. v. Lexington Ins. Co., 2012-1686 (La. App. 4 Cir. 6/5/13), 118 So. 3d 1203, 1220.  Claremont bears the burden of proving each element of its affirmative defense by a preponderance of the evidence.  See Petro Harvester Operating Co., L.L.C. v. Keith, 954 F.3d 686, 697 (5th Cir. 2020).

The key issues presented in the instant Motion for Partial Summary Judgment mirror those raised in the parties' cross-motions relating to SRP's breach of contract claim:  did the MSA alone control the relationship between SRP and Claremont or did the agreement between the parties also encompass the course of prior conduct, oral agreements, and industry customs and standards.  As to the breach of contract cross-

4

motions, this Court found that factual issues remained such that the decision regarding the terms of the agreement between the parties was proper for the factfinder at trial, not for the Court at the summary judgment stage. See Record Document 330 at 6. The same conclusion is appropriate as to SRP's Motion for Partial Summary Judgment on Claremont's affirmative defense of waiver.

SRP again discounts the deposition testimony and affidavit of Keeley Megarity ("Megarity"), the President of Claremont. See Record Document 191. Yet, as previously noted in its breach of contract ruling, courts may consider self-serving evidence as competent summary judgment evidence when the evidence otherwise meets the requirements of Rule 56. See Brown v. City of Wisner, No. CV 3:22-00780, 2022 WL 17258341, at *9 (W.D. La. Nov. 10, 2022), report and recommendation adopted, No. 3:22-00780, 2022 WL 17254767 (W.D. La. Nov. 28, 2022), citing Guzman v. Allstate Assurance Co., 18 F.4th 157, 161 (5th Cir. 2021). Megarity is a key witness in this matter and SRP calls into question his credibility – again, this bolsters the Court's conclusion that the issues presented in this motion are not properly decided at the summary judgment stage.

While SRP contends Claremont has no evidence that SRP waived the terms of the MSA and no evidence there was a pattern of SRP accepting only the amounts approved by property owners, the Court points to the deposition testimony of SRP's general counsel, Joslyn Smith ("Smith"). See Record Document 228-1. Smith testified about the prior relationship between SRP and Claremont, stating that in the past upper management at SRP had agreed to accept less money or discount its bill. See id. at 3-4. Claremont has also provided the corporate deposition of Claremont, wherein Megarity stated that SRP had offered to take less than the invoiced amount for the Lighthouse

5

project.  <u>See</u> Record Document 228-2 at 9-10.  In the same corporate deposition, Megarity testified that there were two projects in Austin, Texas where SRP had accepted only what the insurances companies approved.  <u>See</u> Record Document 225-2.  In light of the ongoing relationship between SRP and Claremont, the aforementioned testimony is sufficient to create a fact issue regarding the parties' past pattern of conduct.  SRP's Motion for Partial Summary Judgment (Record Document 165) as to Claremont's affirmative defense of waiver is **DENIED**.

<u>Conclusion</u>

Based on the foregoing, the Court finds genuine disputes of material fact prevent the entry of judgment as a matter of law as to Claremont's affirmative defense of waiver. Accordingly, SRP's Motion for Partial Summary Judgment (Record Document 165) is **DENIED**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 5th day of June, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT