**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL CO.                     CIVIL ACTION NO. 23-1475

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before Court is a Motion for Partial Summary Judgment filed by Plaintiff SRP Environmental, LLC ("SRP") regarding Defendant Claremont Property Company's ("Claremont") Fifth Affirmative Defense. See Record Document 220. Claremont filed a response and SRP replied. See Record Document 242 and 264. For the reasons set forth below, the Motion for Partial Summary Judgment is **DENIED**.

Factual Background

The facts of this case were set forth in detail in the Court's May 21, 2026 Memorandum Ruling (Record Document 330) and are incorporated herein by reference. The following facts are relevant to the instant motion.

In April 2021, SRP and Claremont entered into a Master Services Agreement ("MSA") pursuant to which SRP would provide certain industrial hygiene services on projects. See Record Document165-3 at 6. Both parties agree that the MSA set the prices and terms for SRP's services for any projects Claremont hired SRP to perform within a year from signing. The MSA provided that "[n]o change in, modification of or revision of these terms shall be valid unless in writing and signed by SRP's authorized representative." Id. SRP never signed any written change, modification, or revision of the MSA.

After Hurricane Ida, Claremont contracted with SRP to perform industrial hygiene services on three projects for the benefit of the property owners, who were Claremont's clients.  The three projects were the Lighthouse Condominiums, the Lake Condominiums, and the City Place Townhomes and the claims in this case arise out of SRP's work on these projects.  SRP began the work on the projects in September 2021 and substantially completed its services in April 2022.  SRP alleges that it performed all of its obligations to Claremont under the MSA and provided all expected services in an expeditious and workmanlike manner.  SRP invoiced Claremont for its work, but Claremont only made partial payments to SRP for the services performed.  SRP was not paid the full invoice amounts and eventually filed this lawsuit for damages in September 2023.

Claremont disputes SRP's claims on multiple grounds.  One of Claremont's arguments is that SRP breached its duty to perform its contractual services in good faith by improperly submitting unreasonable, excessive, and inaccurate invoices.  Claremont retained an expert, Michael Eddings ("Eddings") of JS Held consulting firm, to review SRP's invoices and supporting documentation for the purpose of determining whether SRP billed an accurate, fair, and reasonable sum for the work it performed, accompanied by appropriate supporting data, consistent with generally accepted industry standards. Eddings submitted his report and opined that there were many areas in which SRP's invoices fell well below reasonable industry standards.

In its Fifth Affirmative Defense, Claremont contends:

> Plaintiffs allege that Claremont breached the obligations under its contract with SRP, but the contract was materially breached by SRP, and that breach extinguished Claremont's obligations. Plaintiffs' breaches of contract included, but not exclusively, negligently and/or knowingly over-scoping the mitigation work, over charging for the mitigation work, double-billing for the mitigation work and over-billing for the mitigation work. Upon

information and belief, these actions warrant, further, the defenses of fraud and estoppel.

Record Document 31 at 2.  SRP has now moved for partial summary judgment as to Claremont's over-scoping affirmative defense on the ground that there is no evidence to support SRP over-scoped its work.  As to over-billing/charging, SRP submits that Claremont has waived this argument by continuously paying SRP for invoices that were billed in the same exact matter as in the projects at issue.

Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  In applying this standard, the court should construe "all facts and inferences in favor of the nonmoving party."  Deshotel v. Wal-Mart Louisiana, L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery.  See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).  Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden.  See id.  If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial."  Id. (citing Celotex, 477 U.S. at 323).  In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party.  See

3

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ...."  Id.

Analysis

SRP submits that that "no deponent in this case has ever once mentioned 'over-scoping' by SRP."  Record Document 220-1 at 4.  Thus, because Claremont bears the burden of proving each element of its affirmative defense by a preponderance of the evidence, SRP argues it is entitled to partial summary judgment as to Claremont's over-scoping affirmative defense.  See Petro Harvester Operating Co., L.L.C. v. Keith, 954 F.3d 686, 697 (5th Cir. 2020).

While the word or phrase "over-scoping" may not appear verbatim in depositions, the record contains evidence that clearly refers to the scope of SRP's work.  In his deposition, Keeley Megarity ("Megarity"), Claremont's President, testified that "the number of people, the hours they worked, the scope of work that they did it under was billed too much."  Record Document 166-6 at 6.  In a declaration, Megarity references "significant billing irregularities," "the accuracy of SRP's invoices", and "improper billing and grossly over [billing]."  Record Document 192-1 at 2.  Megarity reiterated these statements during Claremont's Rule 30(b)(6) deposition:

> [T]he number of hours billed, the number of hours in travel time, the number of hotels, all were a concern based on the work scope that was performed on the job.

Record Document 242-1 at 2.

SRP further submits partial summary judgment is proper as to the Claremont's over-billing/charging affirmative defense because SRP's billing practices were consistent and consistently accepted by Claremont.  SRP is essentially arguing tacit ratification:

> Claremont's consistent acceptance of SRP's invoices, submission of those SRP invoices, and receiving payment (with mark-up) from property owners on the numerous projects SRP worked on for Claremont prior to the projects at issue amounts to ratification of SRP's billing practices.  SRP does not in any way concede that it "overbilled" on any project, including those at issue. But Claremont was clear in its deposition that SRP's billing was "consistent." So, while SRP billed appropriately and in conformity with the terms of the contract between the parties, Claremont's characterization of that billing as "consistent" means that Claremont's actions amounted to ratification of SRP's billing practices.

Record Document 220-1 at 7.  The Court has reviewed Megarity's deposition testimony and his declaration carefully and finds factual issues remain as to whether Claremont "blindly accepted SRP's invoices" versus relying upon the insurance companies to meticulously review the invoices and make cuts where appropriate.  See Record Document 242 at 12, citing Record Document 210-2 at 3-4 and Record Document 192-1.

Finally, SRP contends the JS Held report cannot be considered on the issue of over-billing/charging because SRP billed in accordance with the MSA's rate sheet – the contract between the parties.  As noted in previous rulings, the issues raised as to billing practices relate to whether the MSA alone controlled the relationship between SRP and Claremont or whether their agreement also encompassed the course of prior conduct, oral agreements, and industry customs and standards.  Factual issues remain such that the decision regarding the terms of the agreement between the parties is not proper at the summary judgment stage.

Conclusion

Based on the foregoing, the Court finds genuine disputes of material fact prevent the entry of judgment as a matter of law as to Claremont's fifth affirmative defense. Accordingly, SRP's Motion for Partial Summary Judgment (Record Document 220) is **DENIED**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 5th day of June, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT