**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL CO.                    CIVIL ACTION NO. 23-1475

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment filed by Defendant Claremont Property Company ("Claremont"). Claremont seeks dismissal of Plaintiff SRP Environmental, LLC's ("SRP") detrimental reliance, unjust enrichment, open account, and bad faith breach of contract claims. SRP opposed the motion and Claremont replied. See Record Documents 256 and 267. The Court also granted leave for SRP to file a sur-reply. See Record Document 326. For the reasons set forth below, Claremont's Motion for Partial Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.

**FACTUAL BACKGROUND**

The facts of this case were set forth in detail in the Court's May 21, 2026 Memorandum Ruling (Record Document 330) and are incorporated herein by reference. The following facts are relevant to the instant motion.

In April 2021, SRP and Claremont entered into a Master Services Agreement ("MSA") pursuant to which SRP would provide certain industrial hygiene services on projects. The agreement set the prices and terms of SRP's services for any projects Claremont hired SRP to perform within a year from signing. The MSA did not list a total sum for SRP's services and it did not contain a merger/integration clause. The MSA provided that "[n]o change in, modification of or revision of these terms shall be valid

unless in writing and signed by SRP's authorized representative." Record Document 143-3 at 6.  SRP never signed any written change, modification, or revision of the MSA.

After Hurricane Ida, Claremont contracted with SRP to perform industrial hygiene services on three projects for the benefit of the property owners, who were Claremont's clients.  The three projects were the Lighthouse Harbor Condominiums, the Lake Condominiums, and the City Place Townhomes and the claims in this case arise out of SRP's work on these projects.  Claremont entered into Work Authorization with the owners of the three projects.  Claremont and SRP did not enter into Work Authorizations.

SRP began work on the projects in September 2021 and substantially completed its services in April 2022.  SRP alleges that it performed all of its obligations to Claremont under the MSA and provided all expected services in an expeditious and workmanlike manner.  SRP invoiced Claremont for its work, but Claremont only made partial payments to SRP for the services performed.  SRP was not paid the full invoice amounts and eventually filed this lawsuit in September 2023.

Claremont submits the contract between SRP and Claremont included not only the MSA, but also oral agreements, course of conduct, and industry practice and usage. Based on course of conduct and prior custom and practice since 2020, Claremont's position is that payment for SRP's work was limited to what the insurance companies approved on the projects.  Claremont further argues SRP breached its duty to perform its contractual services in good faith by improperly submitting unreasonable, excessive, and inaccurate invoices.  Claremont retained an expert, Michael Eddings ("Eddings") of JS Held consulting firm, to review SRP's invoices and supporting documentation for the purpose of determining whether SRP billed an accurate, fair, and reasonable sum for the

2

work it performed, accompanied by appropriate supporting data, consistent with generally accepted industry standards.  Eddings submitted his report and opined that there were many areas in which SRP's invoices fell well below reasonable industry standards.

Claremont acknowledges that there is a dispute over payment of the SRP invoices and that the parties were not able to reach an agreement on a final settlement that would include SRP's release of the property owners from any further claims or liens by SRP. SRP submits that Claremont has wrongfully withheld money it admits is due to SRP in an attempt to strong arm SRP into an agreement/global release to accept less money than SRP is owed.

After motion practice, SRP's remaining claims against Claremont include breach of contract and bad faith breach of contract, open account, detrimental reliance, fraud, Louisiana Unfair Trade Practices, and unjust enrichment.  In the instant motion, Claremont seeks dismissal of SRP's bad faith breach of contract, open account, detrimental reliance, fraud, and unjust enrichment claims.

## LAW AND ANALYSIS

**I.     Summary Judgment Standard.**

A court should grant a motion for summary judgment when the pleadings "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  In applying this standard, the court should construe "all facts and inferences in favor of the nonmoving party."  Deshotel v. Wal-Mart Louisiana, L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery.  See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).  Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden.  See id.  If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323).  In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ...." Id.

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Looney Ricks Kiss Architects, Inc. v. Bryan, 2014 WL 1092403, at *2 (W.D. La. 2014).  Partial summary judgment is for narrowing and focusing the issues for trial.  See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir. 1993).

## II.    Analysis.

The  majority of SRP's motion focuses on SRP's fraud, detrimental reliance, and unjust enrichment claims.  See Record Document 218.  But it is clear Claremont seeks the dismissal of SRP's bad faith breach of contract, fraud/intentional misrepresentation, detrimental reliance, open account, and unjust enrichment claims.

4

**A.      Bad Faith Breach of Contract.**

In its motion, Claremont references its previous motion seeking dismissal of SRP's breach of contract claim.  See Record Document 166.  On March 21, 2026, the Court denied the motion, finding genuine disputes of material fact prevented summary judgment and that SRP's breach of contract claim would proceed to trial.  See Record Documents 330 and 331.  Because such motion was denied, the instant motion is likewise **DENIED** as to the bad faith breach of contract claim.[1]

**B.      Fraud/Intentional Misrepresentation.**

SRP's remaining fraud claim is based on Claremont's alleged false factual statements to avoid payment.  See Record Document 80 at 17.  Article 1953 of the Louisiana Civil Code provides:

> Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

La. C.C. Art. 1953.  Additionally, under Louisiana law, the elements of a claim for intentional misrepresentation, i.e., fraud, re: "(1) a misrepresentation of a material fact; (2) made with intent to deceive; and (3) causing justifiable reliance with resultant injury." Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs., 527 F.3d 412, 418 (5th Cir. 2008). Claremont contends summary judgment is appropriate because SRP has not presented evidence of reasonable reliance.

The fraud claim in this case centers around statements made by Claremont's President Keeley Megarity ("Megarity").  As previously discussed in other rulings,

---

[1] The Court notes that bad faith breach of contract is not a distinct theory of recovery, but rather an avenue for SRP to seek additional contractual damages.

Megarity is a key witness and his intent when making certain statements or sending emails is at issue in this case.  Thus, the Court finds this is an instance where summary judgment is not proper, as Megarity's intent should be determined by the trier of fact at trial.  See Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1326 (5th Cir. 1996) ("[S]ummary judgment is rarely proper when an issue of intent is involved.").  The instant motion is **DENIED** as to the fraud/intentional misrepresentation claim.

### C.      Detrimental Reliance.

The Court has already addressed and dismissed SRP's detrimental reliance claims in relation to a line of credit, a fixed-rate loan, and accrued interest.  See Record Documents 340 and 341.  The remaining detrimental reliance claims appears to relate to SRP's allegation that it forewent filing liens on the properties at issue or other legal remedies because Megarity, on behalf of Claremont, promised to pay SRP's invoices. SRP submits that it relied on Megarity's promises to pay and did not file liens or pursue other legal remedies to its detriment.

Louisiana Civil Code Article 1967 provides:

Cause is the reason why a party obligates himself.

A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

La. Civ. Code Ann. art. 1967.    "Detrimental reliance, also known as equitable estoppel, prevents a party from taking a position contrary to his prior acts, admissions, representations, or silence." 19th Jud. Dist. Ct. Bldg. Comm'n v. Level 3 Commc'ns, LLC, 659 F. Supp. 2d 766, 773 (M.D. La. 2009), citing Garber v. Badon & Ranier, 981 So.2d

92, 105 (La.App. 3 Cir.2008).  The doctrine "is not favored by the law and all claims must be examined carefully and strictly."  Id.

Under Louisiana's detrimental reliance doctrine, "a party is permitted to recover economic harm whenever the defendant made a representation by word or conduct upon which the plaintiff justifiably relied and because of which plaintiff changed his position to his detriment."  Gray v. State Farm Fire & Cas. Co., No. CV 23-1053, 2025 WL 1213860, at *6 (W.D. La. Apr. 25, 2025), citing Babkow v. Morris Bart, P.L.C., 98-0256 (La. App. 4 Cir. 12/16/98), 726 So. 2d 423, 427.  The elements for detrimental reliance are:  "(1) representation by conduct or word, (2) justifiable reliance in representation, and (3) change in position to detriment because of reliance."  Id.; see also Knippers v. Dr. W.W. Lambard, 620 So. 2d 1368, 1374 (La. App. 2 Cir. 1993).

Like the fraud claim, Claremont contends summary judgment is appropriate because SRP has not presented evidence of reasonable or justifiable reliance. Claremont argues it is unreasonable for SRP to rely on purported promises by Claremont to pay SRP for work not performed, double billing, erroneous rates and charges, and other charges out of compliance with reasonable industry standards.  However, SRP has presented the declaration of Keith Sampson, the managing member of SRP, wherein he stated that Claremont paid 64 other SRP invoices that were billed in the exact same manner as the invoices at issue in this matter.  See Record Document 220-2 at 3, ¶ 10. There is a factual issue about the reasonableness of SRP relying on Claremont's promise to pay just as it had in the other 64 instances.  Thus, the instant motion is **DENIED** as to the narrow detrimental reliance claim set forth above.

**D.      Open Account.**

In its motion, Claremont seeks dismissal of SRP's open account claim, stating:

> Similarly, if this Court dismisses SRP's breach of contract claims against Claremont, then it would also require the dismissal of SRP's open account claim because that claim fails as a matter of law if there is no contractual right to recover.  *See* La. R. S. 9:2781. SRP contends that its Complaint in this lawsuit is SRP's demand for the purposes of La. R. S. 9:2781. SRP's open account claim is fatally deficient, however, because the Complaint does not correctly state the amount allegedly owed.

Record Document 218-2 at 7-8.  In response, SRP argues dismissal of its open account claim at the summary judgment stage is improper because Claremont cites no case law to support its contentions and does not explain how the Complaint is fatally flawed.  See Record Document 256 at 9-10.

In its reply, Claremont submits it arguments in more detail, stating SRP presents no evidence that its relationship with Claremont is an open account, which is analogous to a credit account.  See Record Document 267 at 1-2.  Claremont also explains that SRP's written demand in its Complaint and Amended Complaint do not correctly state the amount owed as is required La. R.S. 9:278.  See id. at 2.  In its sur-reply, SRP again argues its open account claim is valid and properly pled.  See Record Document 326 at 3-8.

An open account "includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transaction."  La. R.S. 9:2781(D). Louisiana courts define an open account as "[a]n account which has not been finally settled or closed, but is still running or open to future adjustment or liquidation. Open account, in legal as well as in ordinary language, means an indebtedness subject to future

adjustment, and which may be reduced or modified by proof." Cambridge Toxicology Grp., Inc. v. Exnicios, 495 F.3d 169, 174 (5th Cir. 2007). The Louisiana Open Account Statute also provides for reasonable attorney's fees incurred in the prosecution and collection of an open account. See La. R.S. 9:2781(A). "The open account law is penal in nature and must be strictly construed." Cambridge Toxicology Grp., Inc., 495 F.3d at 174.

In determining whether a contract falls under Louisiana's open account statute, courts consider whether the "total cost or price [is] . . . left open or undetermined." Factor King, LLC v. Block Builders, LLC, 193 F. Supp. 3d 651, 658-59 (M.D. La. 2016), citing Tri–Par. Elec. Supply, Inc. v. Cypress Bend Investments, LLC, 2012–787 (La.App. 3 Cir. 12/12/12), 105 So.3d 1036, 1039 (citation and internal quotation marks omitted); see also Ormet Primary Aluminum Corp. v. Ballast Techs., Inc., 436 Fed.Appx. 297, 301 (5th Cir. 2011) (concluding that an open account existed because there was an undetermined total). "Courts also consider '(1) whether other business transactions between the parties existed; (2) whether one party extended a line of credit to another; (3) whether there are running or current dealings; and (4) whether there are expectations of future dealings.'" Factor King, LLC, 193 F. Supp. 3d at 659. The open account statute, however, does not require multiple transactions or for parties to anticipate future transactions. See id., citing Frey Plumbing Co., Inc. v. Foster, 2007–1091 (La. 2/26/08), 996 So.2d 969, 972.

"The existence of and the amount owing on an open account are fact questions." Rotating Sols. Inc. v. T A V Holdings Inc., No. 6:21-CV-01377, 2023 WL 8523486, at *12 (W.D. La. Sept. 19, 2023), report and recommendation adopted sub nom. Rotating Sols. Inc. v. TAV Holdings Inc., No. 6:21-CV-01377, 2023 WL 8853737 (W.D. La. Dec. 21,

2023).  "An open account necessarily involves an underlying agreement between the parties, from which the debt derives."  Id.  Here, as held in previous rulings, this Court believes the trier of fact should determine the terms of the relationship/agreement between SRP and Claremont.  One part of this agreement is the April 2021 MSA.  The MSA clearly envisioned more than a singular project and it is not a fixed price contract.  But there is no language in the MSA stating it was an open account under Louisiana law.  While no invoices were submitted as evidence in conjunction with the instant motion, the parties have submitted SRP's interim invoices as part of the extensive motion practice in this case.  Some of the invoices were "due" the same date they were issued, others referenced a "net 15 days," and some contained no due date at all.  Record Document 107-1.  While there are undisputed facts in the record that seem to support the finding of an open account between SRP and Claremont, there are other countervailing disputed facts that weigh against such finding – for instance, the absence of open account language in the MSA and/or the invoices themselves.  Thus, given the summary judgment standard and noting that the existence of an open account is a fact question – and in this instance, possibly a mixed question of law and fact, the Court believes the determination of whether an open account existed is better resolved at trial.  Thus, the instant motion is **DENIED** as to the open account claim.

### E.    Unjust Enrichment.

Claremont seeks dismissal of SRP's unjust enrichment claim because SRP already has an adequate remedy at law.  See Record Document 218-2 at 18.  Under Louisiana law, a claim for unjust enrichment is governed by Civil Code Article 2298.  The relevant portion provides:

A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. *The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.*

La. C.C. Art. 2298 (emphasis added). The Louisiana Supreme Court has held that "the unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'" Walters v. MedSouth Record Mgmt., LLC, 2010–0351 (La.6/4/10), 38 So.3d 245, 246. The Walters court held that, "[b]ecause the law provided plaintiff with another remedy, we find he has failed to state a cause of action in unjust enrichment." Id. at 247. Likewise, in Hall v. James, 43,263 (La.App. 2 Cir. 6/4/08), 986 So.2d 817, the Louisiana Second Circuit noted that Article 2298 provides that unjust enrichment is a remedy of last resort, available only when no other remedy is available. See id. at 820.

Here, the requirement that SRP has no other remedy at law is not satisfied. As evidenced in the motion practice, SRP has breach of contract, Louisiana Unfair Trade Practices, and detrimental reliance claims available as remedies. Thus, the instant motion is **GRANTED** as to the unjust enrichment claim.

## CONCLUSION

Based on the foregoing, the Court finds partial summary judgment is appropriate as to SRP's unjust enrichment claim. Conversely, partial summary judgment is not proper as to SRP's claims of bad faith breach of contract, fraud/intentional misrepresentation, detrimental reliance, and open account. Claremont's Motion for Partial Summary Judgment (Record Document 218) is, therefore, **GRANTED IN PART AND DENIED IN PART**.

An Order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 11th day of June, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT