**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL CO.                    CIVIL ACTION NO. 23-1475

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                   MAGISTRATE JUDGE HORNSBY

**ORDER**

Before the Court is Plaintiff SRP Environmental, LLC's ("SRP") "Motion in Limine to Prevent Claremont Property Company from Arguing that the Contract Between the Parties is Inapplicable."  Record Document 291.  SRP submits that Claremont has judicially admitted that the Master Services Agreement ("MSA") is the contract between the parties.  See id.  Thus, Claremont should not be able to argue at trial that the MSA does not govern the relationship between the parties.  See id.  Defendant Claremont Property Company ("Claremont") opposed the motion and SRP replied.  See Record Documents 304 and 311.  In its response, Claremont contends that SRP has not established the elements of judicial admission, issues of law are not subject to judicial admissions, and the parties' oral contracts, course of conduct, and industry standards apply in construing the MSA and/or any agreement between the parties.  See Record Document 304.

On May 21, 2026, this Court denied the Cross-Motions for Partial Summary Judgment regarding SRP's breach of contract claim.  See Record Documents 330 and 331.  The Court noted that SRP and Claremont had an ongoing relationship and the 2021 MSA agreement did not contain a complete integration or merger clause.  See Record Document 330 at 9.  Thus, it was possible for the agreement between SRP and Claremont

to include oral agreements, course of conduct, and industry practice and usage.  See id.

The Court further explained:

> There is also a factual question regarding the parties' intent for the MSA to supersede all prior agreements. It is also well settled under Louisiana law that "written contracts may be modified by oral contracts and the conduct of the parties, even when the written contract contains a provision that change orders must be in writing."  Lantech Const. Co. v. Speed, 08-811 (La. App. 5 Cir. 5/26/09), 15 So. 3d 289, 293. Such modification of the written agreement can be presumed by silence, inaction, or implication. See id. Hence, the Court believes this is an instance where parole evidence is admissible to determine the full agreement between the parties. See generally Water Craft Mgmt., L.L.C. v. Mercury Marine, 361 F.Supp. 2d 518, 552 (M.D. La. 2004), judgment entered, No. CIV.A. 99-1031-B-M1, 2004 WL 3244168 (M.D. La. Oct. 1, 2004), and aff'd sub nom. Water Craft Mgmt. LLC v. Mercury Marine, 457 F.3d 484 (5th Cir. 2006). The Cross-Motions for Partial Summary Judgment are **DENIED**.

Id. at 9-10.  It is for these very same reasons that SRP's Motion in Limine to prevent

Claremont from arguing that the MSA is inapplicable must also be **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 16th day of June, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

2