**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL CO.                     CIVIL ACTION NO. 23-1475

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                    MAGISTRATE JUDGE HORNSBY

**ORDER**

Before the Court is Plaintiff SRP Environmental, LLC's ("SRP") Motion in Limine to Exclude Testimony or Evidence from Insurers and/or Adjusters. See Record Document 297. SRP submits that the contract that is applicable between the parties, i.e., the Master Services Agreement ("MSA"), provides that insurance companies have no bearing on the payments that are owed to SRP:

> In no event shall this section be construed as a paid-if-paid or paid-when-paid clause, and Client [Claremont] shall remain liable for all amounts owed to SRP under the agreement regardless of any position taken by the insurer.

Record Document 56-1 at 1. Thus, SRP contends that any evidence or testimony regarding the insurers/adjusters is irrelevant and should be excluded because payment to SRP by Claremont was not contingent upon any positions taken by an insurers and/or adjusters. See Record Document 297-1 at 2. SRP also argues that any probative value of such evidence is outweighed by its prejudicial effect and that evidence regarding audit reports is inadmissible hearsay. See id. at 2-6.

In response, Claremont contends that the challenged testimony and evidence are clearly relevant to the claims, defenses, and other issues involved in this litigation. See Record Document 306 at 8-14. Moreover, Claremont submits it has reserved the right to call its identified witnesses from McLarens, DBI, and Envista to authenticate the audit

reports.  See id. at 14.  Additionally, Claremont relies upon Federal Rule of Evidence 703, which is sometimes called the expert testimony exception to the hearsay rule.  See id. at 15.  Claremont maintains that its expert, Michael Eddings, was permitted to rely upon the audit reports pursuant to Rule 703.  See id.

This Court denied the Cross-Motions for Partial Summary Judgment regarding SRP's breach of contract claim:

> The key issue presented in the Cross-Motions for Partial Summary Judgment on SRP's breach of contract claim is whether the MSA alone controlled the relationship between SRP and Claremont or if the agreement between the parties also encompassed the course of prior conduct, oral agreements, and industry customs and standards. The Court finds that factual issues remain such that this decision is proper for the factfinder at trial, not at the summary judgment stage.

Record Document 330 at 6.  Because of prior conduct and oral agreements, Claremont argues that any payments for SRP's work was limited to what the insurance companies actually approved on the projects.  See Record Document 306 at 10-12.  Thus, the auditor's testimony and audit reports are relevant to the factual question of whether the MSA alone or the agreement plus prior conduct, oral agreements, and industry customs and standards controlled the relationship between the parties.  Additionally, SRP's authentication and hearsay objections appear to be premature at this time and can be reurged at trial if necessary.  SRP's Motion in Limine to Exclude Testimony or Evidence from Insurers and/or Adjusters (Record Document 297) is, therefore, **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 16th day of June, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE