**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL CO.                              CIVIL ACTION NO. 23-1475

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court are Cross-Motions in Limine on Usury:  Defendant Claremont Property Company's ("Claremont") Motion in Limine to Exclude Irrelevant and Prejudicial Evidence (Record Document 289) and Plaintiff SRP Environmental, LLC's ("SRP") Motion in Limine to Exclude Testimony or Evidence Regarding an Affirmative Defense of Usury (Record Document 290).  Both motions are opposed.  <u>See</u> Record Documents 300 and 308.  The motions relate to the enforceability of the following provision of the 2021 Master Services Agreement ("MSA"):

> Late Payments:  ***Late payments will accrue interest at the rate of 1 ½% per month***, and Client [Claremont] will pay all of SRP's costs and expenses (including reasonable attorneys fees) to enforce and/or preserve any of SRP's rights under the agreement.

Record Document 56-1 (emphasis added).  Pursuant to this provision, SRP asserts that it is entitled to contractual interest in the amount of 1.5% per month (18% per year) for all payments owed.

<u>Statutes at Issue</u>

Louisiana Civil Code Article 2000 provides that "when the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by R.S. 9:3500."  La. Civ. Code

Ann. art. 200. Further, "interest on accrued interest may be recovered as damages only when it is added to the principal by a new agreement of the parties made after the interest has accrued." La. Civ. Code Ann. art. 2001.

Louisiana Revised Statute 9:3500 provides, in part:

A.      Interest is either legal or conventional.

. . .

C.      (1) The amount of the conventional interest cannot exceed twelve percent per annum. The same must be fixed in writing; testimonial proof of it is not admitted in any case.

. . .

D.      The provisions of this Article shall not apply to a loan made for commercial or business purposes *or deferring payment of an obligation for commercial or business purposes*.

La. Stat. Ann. § 9:3500 (emphasis added). Section 3501 further provides that "any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted." La. Stat. Ann. § 9:3501. Section 3509 states:

Rate of interest paid for commercial, business, or agricultural loans; rate upon default

A.      . . . [A]ny debtor that is . . . [a Louisiana business entity] . . . *deferring payment of an obligation for commercial, business, or agricultural purposes*, may agree to pay interest in excess of the maximum rate of conventional interest authorized by the laws of this state, . . . and as to any such agreement such debtor shall be prohibited from asserting a claim or defense of usury . . . .

La. Stat. Ann. § 9:3509 (emphasis added). Section 3509.2 further provides exceptions to the general prohibition against the recovery of interest upon accrued interest, as

2

expressed in Article 2001.  See La. Stat. Ann. § 9:3509.2.  One such exception is a transaction entered into for commercial or business purposes.  See id.

Summary of Arguments

In its Motion in Limine, Claremont seeks an order excluding any testimony, argument, or introduction of evidence related to contractual interest which is illegal and has been forfeited as a matter of law.  Claremont submits that the contention that it is obligated to pay interest on late payments on SRP invoices at the rate of 1.5% per month is erroneous because Louisiana's anti-usury statutes (Sections 3500 and 3501) are applicable and render the 1.5% provision in the MSA unconscionable, illegal, and unenforceable.  Claremont further maintains that Section 3509 is extraneous to the instant dispute and that it matters not that it did not plead usury as an affirmative defense.

In its Motion in Limine, SRP argues Claremont has waived any usury defense because the affirmative defense of usury was not plead in Claremont's Answer.  Rather, Claremont first raised usury in the proposed pretrial order.  To the extent the defense of usury has not been waived, SRP submits that Claremont's position is legally wrong and that the interest rate provided in the MSA is clearly permissible under Section 3509.

Analysis

The Court will first address SRP's waiver argument.  "Federal Rule of Civil Procedure 8(c) requires any matter constituting an affirmative defense to be set forth in a defendant's responsive pleading."  Allied Chem. Corp. v. Mackay, 695 F.2d 854, 855 (5th Cir. 1983).  "Failure to follow this rule generally results in a waiver."  Id., citing Wright and Miller, Federal Practice and Procedure: Civil § 1278.  However, in instances "where the [defense] is raised in the trial court in a manner that does not result in unfair surprise, . . .

3

technical failure to comply precisely with Rule 8(c) is not fatal." Id. at 855-856, citing Jones v. Miles, 656 F.2d 103, 107 n. 7 (5th Cir.1981).

Here, the Court finds that Claremont has not waived its right to assert a usury defense.  While it is true that Claremont did not assert usury as an affirmative defense in its Answer, such failure was not fatal.  There was no surprise here because the usury defense was included in the proposed pretrial order.  See id. at 856.  Additionally, the trial of this matter was originally set in May 2026, but was reset for July 2026.  Claremont raised the issue at a pragmatically sufficient time, and SRP was not prejudiced in its ability to respond.

Now, the Court will move to the merits of Claremont's usury defense.    In Vignette Publications, Inc. v. Harborview Enters., Inc., 2000-1711 (La. App. 4 Cir. 9/12/01), 799 So. 2d 531, the district court calculated interest pursuant to a contractual provision:

> A delinquency assessment of 1.9 % per month will be assessed against the amount outstanding. Upon failure of advertiser to pay as stipulated above, then at the option of Vignette Publications, Inc., the entire unpaid balance of this contract, including delinquency assessments, shall become payable.

Id. at 537.  In interpreting this provision, the district court included interest on interest. See id. at 536.  On appeal, the appellate court considered whether the 1.9% delinquency assessment in the contract was properly assessed against just the outstanding balance of $6,000 or whether a 1.9% interest assessment also included the previous month's 1.9%.  See id. at 537.

The Vignette court acknowledged that "charging interest on interest is not favored and should not be awarded absent express legislative authority," but noted that Section 3509 provides an exception to the prohibition of charging interest on interest for

4

commercial, business or agricultural purposes.  See id. at 536.  The court further explained that "in commercial transactions, the parties may agree to the assessment of interest on accrued interest" and "must agree to the contractual provisions for conventional interest and/or attorney's fees."  See id.  The court ultimately held that the lower court's determination to award an amount based on interest on interest was not error:

> The contract clearly states that:  "A delinquency assessment of 1.9 % **per month** will be assessed against the amount outstanding [emphasis added]." Even if the contract were ambiguous, common usage in commercial or business activities would promote the charge of interest on interest. Considering that La. R.S. 9:3509 is an exception allowing interest on interest in transactions entered into for commercial, business, or agricultural purposes, and considering the common usage of the general procedure of charging interest on interest in business activities that include transactions of banking and lending institutions, the contract in the present case is for commercial and business purposes.

Id. at 537-538.

Conversely, in Team Contractors, LLC v. Waypoint NOLA, LLC, No. CV 16-1131, 2019 WL 13123271, at *5 (E.D. La. May 22, 2019), a federal district court considered whether the proper interest award included interest on accrued interest, i.e., interest compounded daily, or simple interest.  Section 8.2 of the Prime Contract at issue in Team Contractors provided:

> Documents shall bear interest at the Prime Rate as set forth in the Wall Street Journal, notwithstanding anything to the contrary in the Agreement between Owner and Contractor.

Id.  The court considered Article 2001, Section 3509.2, and Vignette and awarded only simple interest, explaining:

> Unlike the contractual terms in Vignette Publications, nothing in § 8.2 provides for capitalization of interest. There is no evidence the parties

5

agreed to capitalize interest daily on awards for breach of contract.  As a result, under article 2001, the Court awards Team only simple interest.

Id.

Here, the Court finds that the MSA is a transaction entered into for commercial or business purposes.  While the parties spent much of their briefs focusing on the loan provisions of Section 3500(D) and Section 3509, the Court instead concentrates on the Section 3500(D)'s provision stating, "this Article shall not apply to . . . ***deferring payment of an obligation for commercial or business purposes***."  La. Stat. Ann. § 9:3500 (emphasis added).  Likewise, in Section 3509.2, the legislature declared transactions entered into for commercial or business purposes are excepted from the general prohibition against the recovery of interest upon accrued interest.  See La. Stat. Ann. §3509.2.[1]  The Court believes this case involves a deferred payment by Claremont for an obligation for commercial or business purposes.

The provision at issue in this case – "[l]ate payments will accrue interest at the rate of 1 ½% per month" – is more similar to the provision analyzed in Vignette, not Team Contractors.  The Vignette court emphasized the phrase "per month," which is also present in the MSA.  The MSA's provision also references "accrue[d] interest."  Record Document 56-1.  Given the "common usage in commercial or business activities . . . promot[ing] the charge of interest on interest" and noting the exceptions to usury/interest on interest found in Sections 3500 and 3509 for business or commercial transactions, the Court finds the MSA's interest provision is not in violation of Louisiana's anti-usury

---

[1] In Liberty Mut. Fire Ins. Co. v. Shaw Grp., Inc., No. CV 20-871-JWD-RLB, 2024 WL 2963455, at *17 (M.D. La. June 12, 2024), the district court ultimately agreed with Plaintiff's argument that Article 2001's prohibition does not apply to commercial or business transactions.

statutes.  Accordingly, Claremont's Motion in Limine to Exclude Irrelevant and Prejudicial Evidence (Record Document 289) is **DENIED** and SRP'S motion in Limine to Exclude Testimony or Evidence Regarding an Affirmative Defense of Usury (Record Document 290) is **GRANTED**.

       **IT IS SO ORDERED.**

       **THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 26th day of June, 2026.

          _____

              United States District Judge