UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

S R P ENVIRONMENTAL CO

VERSUS

CLAREMONT PROPERTY CO

CIVIL ACTION NO. 23-cv-1475

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Before the court is Defendant's Motion for Partial Reconsideration of the Court's Memorandum Order on Claremont's Motion for Protective Order (Doc. 301). Defendant seeks relief from Request for Production No. 127 and various admissions propounded by Plaintiff on Defendant.

**RFP No. 127**

RFP No. 127 seeks other contracts or rate sheets with any industrial hygiene company since 2021. Defendant argues that the information sought is "too far afield" of the remaining issues in the case. However, Defendant argues that Plaintiff's rates were in excess of industry standards. Therefore, the information sought in RFP No. 127 is relevant, proportional, and must be produced.

**RFA Nos. 83-86**

These requests seek answers that are highly relevant and must be answered. The fact that Plaintiff asked witnesses about these issues in a deposition does not mean that the

issues are no longer fair game for requests for admissions. Defendant cannot dictate the method by which Plaintiff may conduct its discovery.

**RFA Nos. 87-89**

Responses to these requests are no longer relevant due to the stipulation entered into between the parties.

**RFA No. 90**

This request seeks relevant information regarding the name under which Defendant entered into the Master Services Agreement. This is highly relevant to Defendant's argument that it did not sign the Master Services Agreement, but rather Keeley Megarity signed it in his personal capacity.

**RFA Nos. 92, 96, 100, 104, & 109**

Defendant argues that these requests are no longer relevant because the parties entered into a stipulation regarding Defendant's licensing status or the basis of Defendant's claims for a general contractor fee. Plaintiff agrees that it entered into the stipulation but does not agree that the stipulation obviates the need for responding to these requests. But these requests are directly related to Plaintiff's contention that Defendant applied a markup to Plaintiff's invoices and this operated as a tacit ratification of Plaintiff's invoices. The requests are relevant and proportional.

**Conclusion**

Defendant has not shown that the court's prior memorandum order was in error or should be modified. Accordingly, Defendant's **Motion for Reconsideration (Doc. 301)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of June, 2026.

Mark L. Hornsby
U.S. Magistrate Judge