UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| S R P ENVIRONMENTAL CO | CIVIL ACTION NO. 23-cv-1475 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLAREMONT PROPERTY CO | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

**Introduction**

Before the court is Plaintiff's Second Motion for Sanctions and/or Contempt (Doc. 320). The motion argues, among other things, that Defendant did not produce its QuickBooks data in a reasonably usable format. Instead of producing the data in its native format, Defendant converted the QuickBooks data to PDF form, which was then produced to Plaintiff. In doing so, Plaintiff argues that Defendant "cherry picked" reports from QuickBooks and has produced only the following: (a) the 57 pages of PDF reports first produced in response to the court's order, (b) one-page "all transactions" PDF reports for each project produced earlier in discovery, (c) one-page job profitability detail PDF reports for each project first produced with Claremont's opposition, and (d) the Excel versions of the item cost detail reports and the one-page "job profitability detail" for the projects.

Plaintiff argues that the reports are not satisfactory because those reports do not state when costs were actually paid. Plaintiff argues that the missing data is important to the claims and defenses in this case. When invoices and bills from subcontractors, vendors, and suppliers were paid by Defendant and when insurers paid Defendant for these invoices are important issues in the case. Plaintiff argues that production of the native QuickBooks

data would permit Plaintiff to review the actual accounting dataset for the projects at issue and search transactions globally by amount, vendor, date, memo, account, and/or job designation.

**Law and Analysis**

> [T]he option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in litigation.  If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature.

Fed. R. Civ. Pro. 34(b) advisory committee notes to 2006 amendment.  In AccessData Corp. v. ALSTE Techs. GmbH, 2010 WL 318477 (D. Utah 2010), a party argued that it provided documents in a "readily usable form" by scanning all the documents and converting them to PDF format.  The court stated it was confident that most, if not all, of the documents already produced would have been ordinarily maintained in electronic format.  Accordingly, the court ordered the responding party to produce the information in its native format or, at least, in electronically-generated PDF format.

This court previously ordered that Defendant's production must be made in a readily usable form, and that Defendant must produce "all responsive QuickBooks accounting records."  *The court further stated that Defendant may not use at trial any QuickBooks accounting records for the projects unless they are provided to Plaintiff as ordered.*

Plaintiff has satisfied the court that production of the Quickbooks in native format is absolutely necessary.  Accordingly, Plaintiff's **Second Motion for Sanctions and/or**

Page **2** of **3**

**Contempt (Doc. 320)** is **granted** as follows. Defendant is ordered to produce its QuickBooks data on the projects at issue in native format. Defendant has constantly dragged its feet and has produced as little discovery as it thinks it can get away with. This stops now. Defendant is ordered to produce the QuickBooks data for the projects at issue in native form **no later than 3:00 p.m. on July 1, 2026**. Trial begins on July 6, 2026 (one week away), and the court will not allow this discovery dispute to derail the trial. The information to be produced is deemed "confidential" and may only be used for the purpose of this litigation. Once the case is closed, Plaintiff must promptly return the Quickbooks data to Defendant.

Plaintiff raises other issues, including alleged inadequacies in the court-ordered affidavit of Mr. Megarity. Because the court was fearful that Defendant had again withheld documents in discovery, the court ordered an affidavit by Defendant to state that, essentially, all relevant documents for the projects have been produced. The court finds that the affidavit is sufficient for the purposes in which it was intended. The other issues briefed in the motion, most of which amount to simple finger pointing, need not be addressed. The court will not impose any additional monetary sanctions as the court believes that having to produce the native QuickBooks data on such short notice is punishment enough.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of June, 2026.



Mark L. Hornsby
U.S. Magistrate Judge