**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL CO.                    CIVIL ACTION NO. 23-1475

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Plaintiff SRP Environmental, LLC's ("SRP") Motion in Limine to Prevent Evidence and Testimony Regarding Settlement Communications (Record Document 293). The motion relates to Defendant Claremont Property Company's ("Claremont") intent to use the following email thread as evidence at trial:

> Just to clarify on lighthouse we offered to take $246,254.88, Michael called and informed me that the insurance company was stuck at $200 but that Claremont would throw another $20k on top to make this go away bringing the total payment to $220k (That [sic.] what his comment in the text below is referring to "it's $20k more but I get it". At that time the 3 of us discussed it and decided to get Keeley's approval to engage the property owner with a demand letter, which he approved only to have Michael C intervene immediately after we reached out to the client putting a halt to things and leaving us in our current position. Please see attached text in support of this.

Record Document 293-2. SRP contends this email contains settlement communications and should be excluded pursuant to Federal Rules of Evidence 408 and/or 403. Claremont opposed the motion and SRP filed a reply. See Record Documents 303 and 311. For the reasons set forth below, SRP's Motion in Limine to Prevent Evidence and Testimony Regarding Settlement Communications (Record Document 293) is **DENIED**.

Legal Standard

SRP filed the instant motion pursuant to Federal Rule of Evidence 408. Rule 408 governs compromise offers and negotiations and provides:

(a)    Prohibited Uses. Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

> (1)    furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and

> (2)    conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

(b)    Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.  Rule 408 "permits settlement evidence for any purpose except to prove or disprove liability or the amount of the claim." U.S. Aviation Underwriters, Inc. v. Olympia Wings, Inc., 896 F.2d 949, 956 (5th Cir. 1990).  "The district court has broad discretion in determining whether to admit evidence of settlement for another purpose" and the appellate court does "not disturb that decision lightly." Id.  Additionally, "Rule 408 should not exclude more than required to effectuate its goals, which, after all, run counter to the overarching policy favoring admission of all relevant evidence." Ball v. LeBlanc, 881 F.3d 346, 354 (5th Cir. 2018).

SRP cites Federal Rule of Evidence 403 as an alternative basis for exclusion. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

2

Summary of Arguments

In its Motion in Limine, SRP seeks to prevent Claremont from introducing evidence of settlement communications between the parties.  SRP maintains that the only purpose the email can serve is to demonstrate it would have accepted less than its invoiced amount on the Lighthouse Harbor project.  Additionally, SRP submits that inclusion of the email as evidence at trial would be far more prejudicial to SRP than probative.

Conversely, Claremont argues that the facts and circumstances of the email correspondence indicate it is more in the nature of an admissible offer of resolution in anticipation of the rise of a subsequent dispute and not an offer to compromise a disputed claim.   Notwithstanding, Claremont further contends that the challenged email is admissible for another purpose under Rule 408(b), namely as evidence of the parties' mutual understanding of the terms of their agreement.

Analysis

For purposes of the instant Memorandum Order, the Court will assume without deciding that the email correspondence is barred by Rule 408(a).  The Court will proceed to its consideration of Rule 408(b)'s "another purpose" exception.

In relation to SRP's breach of contract claim, Claremont contends that the parties' agreement was broader than the terms of the 2021 Master Services Agreement ("MSA"). Instead, Claremont maintains that the agreement between the parties encompassed the course of prior conduct, oral modifications of the MSA, and industry customs and standards.  The Court denied the cross-motions for partial summary judgment on the breach of contract claim because "factual issues remain such that this decision is proper for the factfinder at trial, not the summary judgment stage."  Record Document 330 at 6.

It is for these same reasons that the Court further believes admission of the email for "another purpose" under Rule 408(b) is appropriate.  See U.S. Aviation Underwriters, Inc., 896 F.2d at 956 ("The district court has broad discretion in determining whether to admit evidence of settlement for another purpose").  Claremont has offered other reasons for admission of the evidence and the Court finds two of these reasons convincing:  (1) the email correspondence is extrinsic evidence on the issue of whether the MSA could have been amended by oral communications and/or actions of the parties, and (2) the email correspondence is relevant as to the pattern and practice of the parties.[1]  The Court agrees that the email may be a business communication bearing on the parties' mutual understanding of the terms of their agreement.  The Court does believe that a limiting jury instruction, as proposed by Claremont in its opposition brief, is needed to cure any potential risk of prejudice to SRP.  See Record Document 303 at 8.  Counsel are ordered to work together on the crafting of such instruction and to file the proposed instruction prior to the beginning of trial.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 29th day of June, 2026.

_____
United States District Judge

---

[1] While not raised by the parties, the Court finds that the email correspondence may be admissible for one of the very other purposes set forth in Rule 408(b), that is, "negating a contention of undue delay."  Fed. R. Evid. 408(b).