**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL CO.                     CIVIL ACTION NO. 23-1475

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO.                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court are two motions filed by Plaintiff SRP Environmental, LLC ("SRP").  See Record Documents 292 and 296.  The first is a Motion in Limine to Prevent Testimony Regarding Other Lawsuits (Record Document 292) and the second is a Motion in Limine to Prevent Testimony from Undisclosed Witnesses from Unrelated Lawsuits (Record Document 296).   Defendant Claremont Property Company ("Claremont") opposed both motions and SRP replied.  See Record Documents 305 and 311.  For the reasons set forth below, SRP's Motions in Limine (Record Documents 292 and 296) are **GRANTED**.

Motion in Limine to Prevent Testimony Regarding Other Lawsuits (Record Document 292)

SRP submits that lawsuits to which it has been a party between 2022 and 2025 are not relevant to this matter and the introduction of such evidence would be prejudicial under Federal Rule of Evidence 403.  SRP notes that the lawsuits do not relate to any of the projects at issue in this case and Claremont is not a party to any of the lawsuits.

Claremont argues the lawsuits are relevant to SRP's line of credit and fixed-rate loan detrimental reliance claims.  However, these claims have been dismissed.  See Record Documents 340 and 341.   Claremont further maintains that SRP's disputes with other property owners and contractors over its billing practices are relevant to Claremont's

defense that SRP engaged in a pattern or practice of excessive billing. Claremont contends such evidence supports its claims of overbilling in this matter. Finally, Claremont argues that exclusion pursuant to Rule 403 is not proper because the other lawsuit evidence is not being admitted solely to prejudice SRP, but rather as relevant evidence relating to SRP's financial status.

Here, the Court finds exclusion of the other lawsuit evidence is warranted. At best, the evidence is marginally relevant to Claremont's contentions regarding SRP's overbilling; yet, Claremont has ample other evidence to present on the issue of overbilling. The Court further believes that the prejudicial effect of presenting the jury with evidence of SRP's prior lawsuits, which do not involve Claremont's obligations to SRP, outweighs any probative value of the evidence. Admission of the other lawsuit evidence would be unduly prejudicial to SRP without adding relevant evidence. Thus, SRP's Motion in Limine to Prevent Testimony Regarding Other Lawsuits (Record Document 292) is **GRANTED**.

<u>Motion in Limine to Prevent Testimony from Undisclosed Witnesses from Unrelated Lawsuits (Record Document 296)</u>

At the pretrial conference, Claremont's counsel advised that its witness list has been revised and only one undisclosed witness from an unrelated lawsuit remained. It appears the witness is the "[r]epresentative of Clean Pro Carpet & Upholstery Care, Inc." Record Document 350 at 16-17. Because this Court has excluded testimony regarding the other lawsuits, testimony from a representative from Clean Pro Carpet & Upholstery Care, Inc. regarding its relationship and litigation with SRP is likewise excluded. Thus, SRP's Motion in Limine to Prevent Testimony from Undisclosed Witnesses from Unrelated Lawsuits (Record Document 296) is also **GRANTED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 30th day of June, 2026.

_____
United States District Judge