**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

SRP ENVIRONMENTAL CO. — CIVIL ACTION NO. 23-1475

VERSUS — JUDGE S. MAURICE HICKS, JR.

CLAREMONT PROPERTY CO. — MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Defendant Claremont Property Company's ("Claremont") Motion for Reconsideration of Court Memorandum Order on Cross Motions in Limine on Usury (Record Document 379). See Record Document 379. Plaintiff SRP Environmental, LLC ("SRP") opposed the motion. See Record Document 392. For the reasons set forth below, Claremont's Motion for Reconsideration is **GRANTED** and the Court holds that the interest in this matter is simple.

In June 2026, this Court ruled on cross-motions in limine on usury. See Record Document 366. The motions related to the enforceability of the following provision of the 2021 Master Services Agreement ("MSA"):

> Late Payments: ***Late payments will accrue interest at the rate of 1 ½% per month***, and Client [Claremont] will pay all of SRP's costs and expenses (including reasonable attorneys fees) to enforce and/or preserve any of SRP's rights under the agreement.

Record Document 56-1 (emphasis added). Pursuant to this provision, SRP asserted that it was entitled to contractual interest in the amount of 1.5% per month (18% per year) for all payments owed. Conversely, Claremont asserted a usury defense and argued that Louisiana's anti-usury statutes applied and rendered the 1.5% provision in the MSA unenforceable. The Court reasoned that the MSA was a transaction entered into for commercial or business purposes and involved a deferred payment by Claremont for an

obligation for commercial or business purposes. See Record Document 366 at 6. The Court ultimately held that the MSA's interest provision was not in violation of Louisiana's anti-usury statutes. See id. at 6-7.

Claremont now moves for reconsideration on the ground that it is unclear if the Court determined as a matter of law in its June 2026 ruling that the MSA's interest provision was compound or if the issue is left for the jury. See Record Document 379-1 at 1. Claremont notes that the cross-motions in limine were limited to usury. However, in the Pretrial Order, the parties noted that they disputed if the interest is simple or compound. Claremont asks the Court to consider, or reconsider, the question of whether the interest is simple or compound:

> Claremont believes that because the parties did not properly fully brief the issue, the court inadvertently incorrectly compared an interest term in Vignette that said interest would apply to the outstanding balance (i.e. compounding language) to the interest term in the 2021 agreement here, which has no such compounding language. And, because the Court held previously held that there is a question in this case regarding whether the Service Order applies and if so whether its terms are governed by the course of conduct and oral agreements of the parties (R. Doc. 330), Claremont suggests the jury may need to decide, after hearing evidence of the parties intent, whether the interest term is simple or compound. Claremont is adamant that it did not agree to compound interest, never has and never would. Last, at minimum, the interest term is ambiguous and must be construed against its drafter, SRP.

Id. at 2.[1]

Conversely, SRP submits that Claremont's Motion for Reconsideration is wholly unnecessary because the Court has already ruled and, to the extent that it has not, the clear implication of the June 2026 order is that interest is compound. See Record

---

[1] Claremont acknowledges that prior to the instant motion, the parties have never formally briefed the issue of whether the interest term is simple or compound. See Record Document 379-1 at 2.

Document 392 at 2. Alternatively, SRP maintains that if the Court disagrees with the finding that the MSA provides for compound interest, it should be a jury question. See id. Finally, SRP argues Claremont's motion raises new issues that are not appropriate for a motion for reconsideration because the arguments could have previously been raised and were not. See id. at 2-4.

While SRP argues that the clear implication of the June 2026 order is that interest is compound, this Court has never definitively determined if the interest is simple or compound. Moreover, even if the matter of simple versus compound interest had been decided in the June 2026 order, SRP's position that reconsideration is not proper is unpersuasive because "both the United States Supreme Court and the Fifth Circuit have held that a district court has the discretion to reconsider its prior decisions *sua sponte* in any circumstance." Simoneaux v. E.I. du Pont de Nemours & Co., No. CV 12-219-SDD-SCR, 2018 WL 4494979, at *2 (M.D. La. Sept. 19, 2018). Replying upon Claremont's alternative argument, the Court now definitively holds that the MSA interest provision provides for simple interest only.[2]

In its previous ruling, the Court compared Vignette Publications, Inc. v. Harborview Enters., Inc., 2000-1711 (La. App. 4 Cir. 9/12/01), 799 So. 2d 531, and Team Contractors, LLC v. Waypoint NOLA, LLC, No. CV 16-1131, 2019 WL 13123271, at *5 (E.D. La. May

[2] Claremont's first argument was based on Article 2001, which provides that the agreement to compound interest must be made in a new agreement of the parties after the interest has accrued. See Record Document 379-1 at 3-4. Alternatively, Claremont submitted that "[e]ven *if* the parties did not require a subsequent contract to agree to compound interest, the language of the agreement – 'Late payments will accrue interest at the rate of 1 ½% per month[.]' – does not expressly or clearly provide for compound interest." Id. at 4.

22, 2019)[3] in its consideration of the MSA interest provision. Ultimately, this Court relied upon Vignette, wherein the district court calculated interest pursuant to a contractual provision stating, "A delinquency assessment of 1.9 % per month will be assessed against the amount outstanding." Record Document 366 at 4, citing Vignette, 799 So.2d at 537. The Louisiana district court interpreted this provision to provide for interest on interest. See id., citing Vignette at 536. On appeal, the appellate court ultimately held that the lower court's determination to award an amount based on compound interest was not error:

> The contract clearly states that: "A delinquency assessment of 1.9 % **per month** will be assessed against the amount outstanding [emphasis added]." Even if the contract were ambiguous, common usage in commercial or business activities would promote the charge of interest on interest. Considering that La. R.S. 9:3509 is an exception allowing interest on interest in transactions entered into for commercial, business, or agricultural purposes, and considering the common usage of the general procedure of charging interest on interest in business activities that include transactions of banking and lending institutions, the contract in the present case is for commercial and business purposes.

---

[3] In Team Contractors, LLC v. Waypoint NOLA, LLC, No. CV 16-1131, 2019 WL 13123271, at *5 (E.D. La. May 22, 2019), a federal district court considered whether the proper interest award included compound or simple interest. The contract provided:

> Documents shall bear interest at the Prime Rate as set forth in the Wall Street Journal, notwithstanding anything to the contrary in the Agreement between Owner and Contractor.

Id. The court considered Article 2001, Section 3509.2, and Vignette and awarded only simple interest, explaining:

> Unlike the contractual terms in Vignette Publications, nothing in § 8.2 provides for capitalization of interest. There is no evidence the parties agreed to capitalize interest daily on awards for breach of contract. As a result, under article 2001, the Court awards Team only simple interest.

Id.

Id. at 4-5, citing Vignette, 799 So.2d at 537-538.

Now, in light of the arguments posited by Claremont in the instant motion, the Court reconsiders its previous ruling that "[t]he provision at issue in this case – "[l]ate payments will accrue interest at the rate of 1 ½% per month" – is more similar to the provision analyzed in Vignette, not Team Contractors." Id. at 6. The provision in Vignette contained the phrases "per month" and "will be assessed against the amount outstanding." This Court placed too much emphasis on "per month" and failed to distinguish that the interest provision in this matter does not contain a phrase similar to "will be assessed against the amount outstanding." Such phrases supports compounding interest and is absent from the MSA. Thus, the MSA interest provision in this case is more like the term in Team Contractors, not Vignette, because there is no language evidencing an intent to compound interest.[4] Accordingly, Claremont's Motion for Reconsideration of Court Memorandum Order on Cross Motions in Limine on Usury (Record Document 379) is **GRANTED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 17th day of August, 2026.

United States District Judge

[4] The Court further notes the public policy in Louisiana against compound interest (Articles 2000 and 2001) and the legal principle that contractual ambiguity must be construed against the drafter, SRP.